In re Petition of Sundry Citizens of Kittanning Township for a rule on the Directors of the School District of said Township to show cause why suitable provisions should not be made for the children of said District. Appeal of School Directors.

[Marked to be reported.]

*School laws—Removal of school directors—Act of June 6, 1893—Notice of appointment of inspector.*

The intent of the act of June 6, 1893, P. L. 330, is to confer on the courts of common pleas a power, through the appointment of an inspector, to ascertain the facts and determine whether school directors have exercised a sound discretion in providing suitable accommodations for all the school children of the district.

Under the act of June 6, 1893, school directors are not entitled to notice of the time and place of an application for the appointment of an inspector. All that the law requires is that they shall have notice of the investigation.

It is no ground for reversing an order of the court of common pleas removing school directors, that the inspector appointed under the act of June 6, 1893, P. L. 330, was an attorney at law.

An inspector appointed under the act of June 6, 1893, P. L. 330, reported that a schoolhouse was small and in such a dilapidated condition as to be unsafe; that twenty-seven school children lived from two to two and one half miles from the schoolhouse, and that the surface of the country was such, high hills intervening between them and the schoolhouse, that it was practically inaccessible during the greater part of the school term; that there were nineteen children living within reasonable distance of the school, and these were all the room would hold; that the board had frequently been importuned to provide suitable accommodations, but had refused, and no valid cause for the neglect was shown; that the school tax levied was only five mills on the assessed valuation of the district. *Held,* that an order removing the directors was proper.

Under the act of June 6, 1893, P. L. 330, the Supreme Court will not, except in an extreme case, reverse an order of the court of common pleas removing or refusing to remove school directors.

Argued Oct. 12, 1896.   Appeal, No. 33, Oct. T., 1896, by school directors of Kittanning township, from order of C. P. Armstrong Co., Sept. T., 1895, No. 202, removing school directors of Kittanning township.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule on school directors to show cause why they should not be removed, issued on petition of inhabitants.   Before RAYBURN, P. J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was order making absolute rule for the removal of school directors.

*W. D. Patton*, for appellants.—The directors were entitled to notice of the application for the appointment of an inspector: Wall v. Knapp, 134 Pa. 53; Thornton v. Ins. Co., 71 Pa. 234.

Nearly every common pleas judge in this state has at one time or another refused to interfere with the discretion of directors, and have said that the school directors have the exclusive right to locate schoolhouses, and that their discretion is not reviewable in equity: Ohio Twp. School Directors, 9 Pa. C. C. 392; Price v. Barrett, Twp. School Directors, 9 Pa. C. C. 395; Roth v. School Directors, 33 W. N. C. 215; In re School Directors, 42 Leg. Int. 277; Snavely v. School Directors, 1 Lanc. 9; In re School Directors, 2 Pa. C. C. 497; Dublin School Case, 3 Dist. Rep. 691; Freeman v. School Directors, 37 Pa. 385; Carr v. Northern Liberties, 35 Pa. 324.

*James H. McCain*, with him *W. J. Christy*, for appellees, cited Washington Township School Directors, 15 Pa. C. C. 509.

OPINION BY MR. JUSTICE DEAN, January 4, 1897:

So far as a construction of the act of June 6, 1893, is involved in this case, we have fully expressed our opinion in Ross's Appeal from decree of court of common pleas of Greene county, decision handed down this day, ante, p. 24.   It might well have been argued in the case before us under the facts, that even under the act of 1854, the directors were removable by the court of

quarter sessions for wilful neglect, and consequently, certainly removable under the first section of the act of 1893.

The inspector found these facts : The schoolhouse is small and in such a dilapidated condition as to be unsafe. That twenty-seven school children live from two to two and a half miles from the schoolhouse, and that the surface of the country is such, high hills intervening between them and the schoolhouse, that it is practically inaccessible during the greater part of the school term. Deducting these twenty-seven, there are nineteen children living within reasonable distance of the school, and these are all the room will hold, it being very small. The board have frequently been importuned to provide suitable accommodations for these children but have refused. No valid cause for the neglect is shown. The school tax levied is only five mills on the assessed valuation of the district, raising about $1,500; to this is added the state appropriation of the same amount. The amount raised by the district is less than one fifth of that authorized by law for school and building purposes, so that there can be no pretense of financial inability. However clear may have been the purpose of the state to add to the efficiency of the school system by large appropriations made from state funds raised by taxation of corporations, license fees, and such subjects, the purpose has obviously failed in this district; it has resulted only in decreasing local taxation. The court found these twenty-seven children had practically no school accommodations, and that for neglect to supply them, the directors had offered no valid excuse. As we said in Ross's Appeal, already noticed, that while the common pleas has power under the act of 1893 to review, in the method pointed out in that act, the exercise of discretion by the school board, it does not follow that we will of course review the discretion of the common pleas. It will be a rare case, where the court below has such superior opportunities for wise action as in these cases, that a purely appellate court would undertake to review its decree on the facts or the inferences therefrom, even conceding our power to do so.

As to the neglect by petitioners to give notice to respondents of the time and place of their application for appointment of inspector, the act does not require such notice, therefore respondents have no right to demand it. They had notice of the

investigation, appeared, and were fully heard by the inspector; that is all the law requires.

The complaint by appellant that a lawyer was appointed inspector is no ground for reversal. A "competent inspector" are the words of the law. If a lawyer have reasonably good eyesight and acute perceptions, a knowledge of the law will not disqualify him as a reporter of facts. If he inject into his report law, if good law, it will not be fatal to the report; if not sound, the court can reject it. The court after decree indulgently gave respondents ample time to at least attempt to perform a plain duty; they stubbornly refused; they have no ground of complaint.

The assignments of error are destitute of merit; the decree is affirmed, and the appeal dismissed.