# Slippery Rock Township School District.

*School law—Removal of directors—Inadequate school accommodations—Appeal—Certiorari—Review—Discretion—Act of June 6, 1893, P. L. 330.*

Where school directors appeal from an order removing them from office in proceedings under the Act of June 6, 1893, P. L. 330, the appellate court will consider the matter only as being before it on certiorari, and will look into the record only so far as may be necessary to ascertain whether the court below exceeded its jurisdiction or its legal discretion.

Argued Oct. 13, 1908. Appeal, No. 80, Oct. T., 1908, by R. Slemmons Cunningham et al., school directors of the school district of Slippery Rock township, from order of C. P. Lawrence Co., Dec. T., 1907, No. 11, removing them from office. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Petition for appointment of inspector under Act of June 30, 1893, P. L. 330. Before WILLIAM E. PORTER, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was the order of removal.

*James A. Gardner,* for appellants, cited: York Twp. School Dist., 10 Pa. Dist. Rep. 687; Ross's App., 179 Pa. 24; Kittanning School Dist., 179 Pa. 60; Barr's Petition, 188 Pa. 122; Washington Twp. School Dist., 15 Pa. C. C. Rep. 509; Davis v. Girard Twp. Directors, 15 Pa. Dist. Rep. 731; West Finley Twp. School Directors, 27 Pa. C. C. Rep. 291.

*J. Norman Martin,* for appellees.—No appeal lies in this case: Renninger v. Thompson, 6 S. & R. 1; Barnes v. Com., 11 W. N. C. 375; Ruch v. Morris, 28 Pa. 245; Davenport v. Jones, 126 Pa. 271; Ross's App., 179 Pa. 24.

The discretion of the court below cannot be reviewed: Barr's Petition, 188 Pa. 122; Rule on School Directors, 179 Pa. 60.

OPINION BY MR. JUSTICE POTTER, January 4, 1909:

This was a proceeding for the removal of school directors of Slippery Rock township, Lawrence county, under the provisions of the Act of June 6, 1893, P. L. 330, for failing, without valid cause, to provide suitable and adequate school accommodations for the children of the district.

Upon petition filed the court of common pleas appointed an inspector to visit the district, inquire into the facts and make report to the court. The inspector reported that the directors had failed, without valid cause, to provide suitable accommodations. Thereupon the court granted a rule upon the school directors, six in number, to show cause why they should not be removed from office. After answer filed and after argument, the court made the rule absolute, as to all the directors save one. The directors who were thus removed have appealed.

The act of assembly in question, that of June 6, 1893, first came before this court for construction in Ross's Appeal, 179 Pa. 24, where Justice DEAN said (p. 30): "We are of the opinion that the intent of the act of 1893 is to confer on the courts of common pleas of this state a power by this new proceeding to ascertain the facts and determine whether the directors have exercised a sound discretion in providing suitable building

accommodations for all the school children of the district." And in Kittanning Township School Directors, 179 Pa. 60, this court said, "It will be a rare case, where the court below has such superior opportunities for wise action as in these cases, that a purely appellate court would undertake to review its decree on the facts or the inferences therefrom, even conceding our power to do so." And in Barr's Petition, 188 Pa. 122, a case which arose under the same act of assembly, Justice DEAN said (p. 127): "The court below, on ample testimony, has found the facts warranting its decree; we would not touch it, unless there was a manifest error in its finding or a flagrant abuse of its discretion."

The question of the right to review in this court does not seem to have been raised in the former cases, but we may suggest that the proceeding is entirely statutory, and no appeal from the judgment of the court of common pleas is given by the statute. We are at liberty therefore to consider the matter only as being before us on certiorari, and we may look into the record only so far as may be necessary to ascertain whether the court below exceeded its jurisdiction or its proper legal discretion. It matters not that we might have reached a different conclusion upon the facts, or drawn other inferences therefrom. It is sufficient to say that in no way does it appear from the record that the court below went beyond the power conferred upon it by the statute, or that it in any way abused the discretion vested in it, in the inference which it drew from the facts or the conclusions which it reached.

The assignments of error are overruled, and the order and judgment of the court below is affirmed.