## Madlem's Appeal.

1. Where the judges constituting a court are equally divided in opinion whether relief sought should be granted or refused, such relief cannot be granted.

2. Upon exceptions to the report of a master in a suit in equity, who recommended a decree dismissing the bill, the two judges of the court were divided in opinion, but one of said judges entered a decree sustaining the exceptions and awarding a perpetual injunction, to which decree the other judge dissented : *Held,* upon certiorari and appeal, that said decree was improvidently and unlawfully entered, and the same was set aside.

3. *Semble,* that in such case the said judges might call upon a judge from another district to decide the cause.

May 14th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

CERTIORARI to, and appeal from the Court of Common Pleas of *Lancaster county:* Of July Term 1882, No. 83.

Bill in equity, filed June 2d 1880, by Lorenz Noble, et al., claiming to be trustees of the "Seventh Day Baptists of Ephrata" against A. F. Madlem, et al., who also claimed to be such trustees, praying for an injunction to restrain the defendants from interfering with the plaintiffs, in their office as trustees.

Upon the same day a preliminary injunction was awarded as follows :

"And now, June 2d 1880, the above bill being presented to me in chambers, the several defendants having had written notice of this application (see same filed this day), and defendants' attorney also being present, the complainants having offered and filed bond with security approved by me, and also read and filed affidavits as to the injury the society may sustain : We therefore grant and decree a preliminary injunction as

prayed for by complainants. Let the writ issue forthwith. Allowed by D. W. PATTERSON, Judge."

The defendants filed an answer, and the cause was referred to a Master, who reported that the bill should be dismissed at the costs of the plaintiffs.

Exceptions were filed by the plaintiffs to the Master's findings of fact and conclusions of law. After argument before the court in banc, LIVINGSTON, P. J., and PATTERSON, A. L. J., the latter judge filed an opinion, sustaining the exceptions to the Master's report, to which opinion LIVINGSTON, P. J., filed his dissent. A final decree was thereupon signed by PATTERSON, J., perpetually enjoining the defendants from interfering in any way with the plaintiffs in the control and management by them as trustees of the property, &c. of the "Seventh Day Baptists of Ephrata," and imposing the costs upon the defendants. LIVINGSTON, P.J., dissented of record from said decree.

The defendants thereupon took this certiorari and appeal, assigning for error, inter alia, the action of PATTERSON, J., in entering the above decree as the decree of the court, LIVINGSTON, P.J., being upon the bench, and dissenting therefrom. The argument in this court was, by direction of the court, confined to this assignment of error; hence it is unnecessary to report the questions on the merits as raised by the several exceptions to the Master's report.

*H. M. North* (with him *E. K. Martin* and *T. B. Holahan*), for the appellants.—We are in the peculiar position of appealing from a decree on the ground that it is no decree; but it having been entered as a final decree, and the injunction by it awarded having issued against us, we have no process to get rid of its effect, but by appealing to this court to direct the court below to strike off the entry. We also took a certiorari. It is elementary that where a court consists of more than one judge sitting judicially, the concurrence of a majority, or of both, if two only, is necessary to warrant a judgment for the plaintiff or actor in the proceeding. Thus it requires the concurrence of both judges in a court consisting of two to grant a new trial : Lanning *v.* London, 4 Wash. C. C. 332.

*S. H. Reynolds* ( *W. S. Amweg* with him), for the appellees, contended that the decree was properly entered, on the authority of Cahill *v.* Benn, 6 Bin. 99. One judge of the court below, sitting in chambers, in the first place, awarded a preliminary injunction to protect the plaintiffs in their possession. There was no illegality about that. The defendants below should then have tested the plaintiff's title by quo warranto : Gilroy's Appeal, 4 Out. 5 ; but instead of doing so they filed

an answer and had a master appointed who, as we claim, went outside the questions for his determination and reported against the continuance of the injunction. Upon the exceptions to his report the judges of the court were divided in opinion, hence the Master's report fell for want of confirmation, and the injunction was properly continued, as the decree of the court, notwithstanding the dissent of one of the two judges : Cahill *v.* Benn, supra.

Mr. Justice PAXSON delivered the opinion of the court, June 4th 1883.

The decree in this case was entered in the court below by the additional law judge, the president judge being present and dissenting. The court was therefore equally divided, and the rule in such cases is that no valid order or decree can be made. If there is a motion before the court, it falls. This is the rule everywhere, and it requires no argument to vindicate it. Equal divisions sometimes occur in this court, owing to the absence of one of its members. The only order we can make in such a case is to affirm the judgment or decree of the court below. The plaintiff in error, or appellant, who is the actor, fails, and his motion to reverse falls to the ground. An affirmance here by a divided court means merely that the judgment or decree below cannot be disturbed.

In order to reach his conclusion, the learned judge who entered the decree below, reversed the Master and set aside his findings of fact. His decree included an order for a perpetual injunction, and the disposition of the costs. To all this the president judge, who possesses at least equal power, dissented. He had an equal right to enter a decree embodying his own views of the case. We would then have had the unusual case of conflicting orders issued out of the same court. To state such a proposition as this is to answer it.

The learned judge (A. L. J.) below was evidently misled by the case of Cahill *v.* Benn, 6 Binney 99. It does not sustain his position. In that case there had been a trial at law and a verdict for the plaintiff. The defendant moved for a new trial, and upon this motion the court were equally divided. The motion necessarily fell. Afterwards, the plaintiff's counsel moved for judgment, and two judges being present, one ordered judgment as a matter of course, and the other objected to the entry. The prothonotary entered judgment, and upon a writ of error the judgment was sustained by this court. It is manifest that the plaintiff was entitled as of course to judgment upon the verdict after the motion for a new trial failed, and it would have been wrong to have denied it. This was the view taken by TILGHMAN, C. J., who delivered the opinion of the

[Muhlenberg's Appeal.]

court, in which he said: "We cannot suppose that Judge CAMPBELL meant to act with such impropriety as to arrest the regular course of law, by forbidding the prothonotary to make a proper entry. We rather think that he wished his opinion against the verdict to be entered on the record, and to leave the rest to the law. Any other proceeding would have been highly improper, and we will not, without necessity, suppose that Judge CAMPBELL intended to do what was wrong."

The distinction between entering a judgment pro forma upon a verdict, to which the party was entitled as of course, and granting a decree in equity, is so palpable that we need not further discuss the case. The decree below was improvidently and unlawfully entered, and must be set aside. This leaves the case precisely as if no decree had been made. If the learned judges below cannot agree upon a proper decree, they have the power to call upon a judge from another district to decide the case for them. But until we have a lawful decree we cannot reach the merits.

The decree is reversed at the costs of the appellees.