## Clulow et al., Appellants, v. McClelland et al.

*Townships—Negligence—Bridges—Ordinary travel—Traction engines.*

A township is not required to assume that its bridges will be used in an unusual and extraordinary manner, either by crossing at great speed or by the passing of a very large and unusual weight. As it does not anticipate any such use, it is not required to so build as to protect against injury resulting from such reckless conduct. Its liability stops with constructing and maintaining its bridges so as to protect against injury by a reasonable, proper and probable use thereof, in view of the surrounding circumstances, such as the extent, kind and nature of the travel and business on the road of which it forms a part: McCormick v. Washington Township, 112 Pa. 185.

In an action to recover damages for injuries to a steam traction thresh-ing engine by the breaking down of a township bridge, a nonsuit was properly entered, where it appeared from plaintiff's testimony that the

engine weighed several tons, and was heavier than the ordinary travel in the neighborhood, that plaintiffs had examined the bridge before driving the engine upon it, and considered it safe; and that the township authorities had examined the bridge two years before, made some repairs, and left it in a safe condition as was supposed.

By the act of June 30, 1885, P. L. 251, the legislature has recognized the right to take steam machinery over the public highways, by providing certain regulations for its exercise. When the use of steam engines for threshing or other lawful purposes becomes so general that their transportation over the roads amounts to an ordinary use of them, it may be necessary to strengthen the bridges so as to withstand the increased strain. Per PAXSON, C. J.

Argued Oct. 6, 1892. Appeal, No. 102, Oct. T., 1892, by plaintiffs, Thomas Clulow et al., trading as Clulow & Ohler Brothers, from judgment of C. P. Venango Co., April T., 1890, No. 48, entering judgment of nonsuit in favor of defendants, James P. McClelland et al., road commissioners of French-creek township. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Trespass to recover damages for injuries to steam threshing machine caused by breaking down of township bridge.

The facts appear by the opinion of the Supreme Court. On the trial, before TAYLOR, P. J., when the plaintiff's evidence was in, the court granted a compulsory nonsuit and afterwards refused to take it off.

*Error assigned* was refusal to take off nonsuit.

*J. S. Carmichael, R. W. Dunn* with him, for appellants.—A case must be submitted to the jury where the evidence tends to make out a prima facie case: Corbalis v. Township, 132 Pa. 9 and 15; Fisher v. R. R., 131 Pa. 296; McNeal v. Ry., 131 Pa. 188; Schum v. R. R., 107 Pa. 11; R. R. v. Walling, 97 Pa. 55; Carroll v. R. R., 12 W. N. 348; McKee v. Bidwell, 74 Pa. 223; R. R. v. Werner, 89 Pa. 64; Maynes v. Atwater, 88 Pa. 496; Rapho v. Moore, 68 Pa. 404; Kohler v. R. R. Co., 135 Pa. 346: McGrann v. R. R., 111 Pa. 171; Hill v. Trust Co., 108 Pa. 1.

*Robert F. Glenn,* for appellees.—Roads and bridges are made for ordinary travel; if they fulfil such purpose they are sufficient: Hey v. Phila., 81 Pa. 44; Wagner, Jackson Township v., 127 Pa. 184.

The duty of the township commissioners was well performed if the bridge was in a reasonably safe condition for travel in the ordinary mode used in the neighborhood by people who commonly used the bridge: McCormick v. Township of Washington, 112 Pa. 185; Shadler v. Blair Co., 136 Pa. 488.

OPINION BY MR. CHIEF JUSTICE PAXSON, Nov. 7, 1892.

It was held in McCormick v. Township of Washington, 112 Pa. 185, that "a township is not required to assume that its bridges will be used in an unusual and extraordinary manner, either by crossing at great speed or by the passing of a very large and unusual weight. As it does not anticipate any such use it is not required to so build as to protect against injury resulting from such reckless conduct. Its liability stops with constructing and maintaining its bridges so as to protect against injury by a reasonable, proper and probable use thereof in view of the surrounding circumstances, such as the extent, kind and nature of the travel and business on the road of which it forms a part."

The accident in the case in hand was of a similar nature with the one in the case cited. The plaintiffs were driving over a township bridge with a steam traction threshing engine, weighing several tons, when the bridge gave way and the in jury occurred for which damages are claimed in the present action. The plaintiffs were nonsuited in the court below, and this appeal was taken from the refusal to take it off.

The plaintiffs themselves testified that they knew that the machine was a good deal heavier than the ordinary travel in the neighborhood, and that they usually examined bridges before crossing them; that in fact they had examined this bridge, taking off a plank to do so, and considered it safe. It was also in evidence that the township authorities had examined the bridge in 1887, made some repairs, and left it in a safe condition as was supposed.

The plaintiffs contend that the township was negligent in not knowing its unsound condition, and in not repairing it properly. Yet if the plaintiffs examined it immediately before crossing it, and did not find the defect, it comes with a bad grace to charge the township with negligence in not dis-

covering it. There was no evidence that the township knew the bridge was unsafe, and one of its timbers rotten.

Persons attempting to draw an unusual load over an old township bridge should exercise some caution in doing so. In this case, as has been stated, they made an inspection of it and did not discover any defect. It was not negligence in the township not to know what an inspection by the plaintiffs failed to disclose.

As the case came directly within the ruling of McCormick v. Township of Washington, the learned judge was right in directing a nonsuit.

It is proper, however, to call the attention of township officers to the fact that by the act of 30th of June, 1885, P. L. 251, the legislature has recognized the right to take steam machinery over the public highways, by providing certain regulations for its exercise. They should also bear in mind that when the use of steam engines for threshing or other lawful purposes becomes so general that their transportation over the roads amounts to an ordinary use of them, it may be necessary to strengthen the bridges so as to withstand the increased strain.

Judgment affirmed.