## Megargee v. Philadelphia, Appellant.

*Municipalities—Negligence—Safe condition of streets.*

A municipality is held to no higher measure of duty than that of keeping its highways and streets in a reasonably safe condition, having in view the ordinary requirements of the public; and no duty is imposed with respect to a particular individual whose requirements are special to himself.

*Duty as to paving streets.*

No legal duty is imposed upon a municipality to pave a street with a particular material, or in a particular method; nor is there any obligation for uniformity of construction on all the streets or ways; nor do new or unexpected uses requiring great changes impose upon the municipality the duty of at once reconstructing the street or alley to suit the new use.

*Injury by use of street in particular way.*

A narrow alley fourteen feet wide was paved with cobble stones, and the buildings on each side of it were occupied as dwellings. Plaintiffs turned two of these dwellings into one, and occupied it as a rag- and paper-warehouse. They then began hauling heavy loads from their main establishment to this warehouse. The result of this heavy hauling was to put the pavement into a bad condition. One of the plaintiffs' horses, by the necessity for extra effort in drawing loads over the alley, became strained and broken down, and a truck was racked and worn. *Held*, that plaintiffs were not entitled to recover damages from the city for the injury to their horse and truck.

Argued Jan. 27, 1893. Appeal, No. 1, Jan. T., 1893, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T.,

1891, No. 218, on verdict for plaintiffs, Irwin N. Megargee & Co.  Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Trespass for injury to horses, wagons and business by reason of non-repair of street.

The facts as they appeared before WILLSON, J., are stated in the opinion of the Supreme Court.

Defendant's points were among others as follows:

" 1. The jury must find for defendant."    Refused. [1]

" 5. If the jury find that the plaintiffs had notice of the condition of the streets in question before the damage complained of was done, they must find for the defendant."    Refused. [3]

The court charged in part as follows:

" If they suffered damage, arising from such a defective or thoroughly bad condition of the street as the plaintiffs allege existed, by the destruction of their vehicles and the injury of their horses, something which is specific and tangible, something which you can connect directly with the defective condition of the highway, then they are entitled to recover." [2]

Verdict and judgment for plaintiffs for $365.35.    Defendant appealed.

*Errors assigned* were (1–3) instructions, quoting them.

*E. Spencer Miller*, assistant city solicitor, *Charles F. Warwick*, city solicitor, with him, for appellant.—As plaintiffs showed no special injury peculiar to themselves, they are not entitled to recover: Gold v. Phila., 115 Pa. 184 ; Hill v. Boston, 122 Mass. 344 ; Erie v. Magill, 101 Pa. 616 ; Wilson v. Charleston, 8 Allen, 137.

A private individual has no absolute right against the public authority for maintenance of any highway.   A street may be vacated without liability to a private individual : Paul v. Carver, 24 Pa. 207 ; McGee's Ap., 114 Pa. 470 ; Center Street, 115 Pa. 247 ; Howard Street, 142 Pa. 601.

*Wm. F. Johnson*, for appellee.—A corporation which is bound by its charter to keep the streets in repair is liable for an injury occasioned by its neglect to do so, and it is not material whether the neglect was willful or otherwise : Erie City v. Schwingle, 22 Pa. 384 ; Canal Co. v. Graham, 63 Pa. 290 ; Norristown v. Moyer, 67 Pa. 356 ; Allentown v. Kramer, 73 Pa. 406 ; Fritsch v. Allegheny, 91 Pa. 226.

OPINION BY MR JUSTICE DEAN, February 20, 1893 :

The plaintiffs' averment is negligence in not keeping a street in repair, whereby, as they allege, they sustained damage : 1st, injury to their horse; 2d, injury to their truck; 3d, loss of service of horse; 4th, delays and interruption to business because of bad condition of street.

These are the undisputed facts, as proven at the trial : Wall street is a narrow way or alley, fourteen feet wide, running from Sixth to Seventh streets between Catharine and Christian. Before February, 1891, the buildings on each side of the street were occupied as dwellings; then the plaintiffs, who had a paper-store at 617 Chestnut street, as an adjunct to their business, turned two of the buildings on Wall street into one, and occupied it as a rag, and paper-warehouse ; up to that time the street had been paved with cobble stones ; plaintiffs then commenced hauling over the street to their warehouse, and continued so to do down to the commencement of this suit in September, 1891. This hauling in street traffic is known as " heavy hauling," the ordinary load being 6000 pounds, and of course the trucks to carry and the horses to draw are correspondingly heavy. As a result of this heavy hauling on a lightly paved narrow way, it soon got in a very bad condition. One of plaintiffs' horses, by the necessity for extra effort in drawing loads over it, became so sprained and broken down that in five months his value depreciated from three hundred dollars ($300) to seventy-five dollars ($75). A truck which cost three hundred dollars ($300) was so racked and worn that it was not worth one hundred dollars ($100). Plaintiffs' business suffered, for not only was their own access to the warehouse more difficult, but customers were delayed, and thereby deterred from doing business with them.

It is not very hard to see what the jury saw, that these plaintiffs would have been considerably better off if this way had been paved for heavy hauling. Seeing the plaintiffs had suffered a loss, and how it might have been saved them by a pavement better suited to the warehousing business, the jury undertook to make them whole by a verdict against the city for three hundred and sixty-five dollars and thirty-five cents ($365.35) the court entered judgment and the city took this appeal.

On these facts, was the city answerable in damages ?

The learned judge of the court below instructed the jury not to award any damages because of plaintiffs' inability to haul full loads; or, for hire paid for extra teams; or, for losses by interruption of business; but he permitted them, apparently with some doubt as to the correctness of the submission, to find whether the depreciation in value of the horse and truck was a special damage to plaintiffs, traceable to the negligence of the city. We think the reasons for withdrawing the first mentioned items ought to have impelled him to treat the claim on the horse and truck in the same way. We do not see that the law warranted any distinction.

Unless a legal duty with respect to this street was imperative on the city, from the neglect of which a special injury resulted to plaintiffs, the judgment is wrong.

It is settled in this state that a city, or other municipality, is held to no higher measure of duty than that of keeping its highways and streets in a reasonably safe condition for the use of the public, having in view the ordinary requirements of the public. No duty is imposed with respect to a particular individual whose requirements are special to him. When a highway is opened, the public is invited to travel upon and use it in such manner as accords with its general design and structure; they are not invited to use it for a purpose wholly and obviously unsuited to its strength, and which was never contemplated by its builders; are not invited, as this court has lately held [*], to run a traction engine upon a light wooden bridge never designed for such a weight. If any one of the public in the ordinary use of the way, without fault on his part, suffers special damage, not common to the public, because of the negligence of the municipality either in construction or maintaining it, he has ground for an action; the legal liability arises from the neglect of the legal duty to keep the way reasonably safe for ordinary public requirements.

But so far as concerns the design or material of the structure of the street or highway, that is a matter in the discretion of the municipality; no legal duty to pave with a particular material, or in a particular method, is imposed by law; nor is there any legal obligation for uniformity of construction on all the

* Clulow v. McClelland, 151 Pa. 583.

streets or ways; nor do new and unexpected uses, requiring great changes, impose upon the municipality the duty of at once reconstructing the street or alley to suit the use. No legal duty existing in either instance, there is no legal liability for its neglect.

Of course on all municipalities, created and existing for the public benefit, there is imposed a political duty of maintaining the public improvements in keeping with the times, increase in population, and business interests; but this duty is within the legislative discretion of the city. If it be neglected, the pub- lic suffers in falling off of business, decrease of population, ex- asperating delays and hindrances to travel and traffic, and depreciation of values. In such case, each individual of the corporate community suffers pecuniary loss; some, by reason of particular locality or business, greater than others; but this gives them no right of individual action against the city, be- cause of the familiar principle that " a public right cannot be vindicated by a private action." Clearly this alley was not paved to suit the new and unexpected business plaintiffs chose to put upon it; it was very narrow, and paved with cobble; be- fore they went there the city authorities, in the exercise of their discretion, doubtless thought this sort of pavement sufficient for the traffic then upon it. The plaintiffs, with all this knowl- edge, took two of the buildings, turned them into a warehouse, and at at once commenced what was wholly unsuited to cobble- stone, the heavy hauling incident to warehousing; the surface gave way, and the street got in bad condition. The real ground of plaintiffs' complaint is, as disclosed by the evidence, the city did not keep pace in improvements with the demands of busi- ness on that particular street; that is, it ought to have taken up the cobble and repaved with Belgian block. Perhaps it ought, but neither the jury nor we are the judges of that; it is a question for the city.

The argument that from the evidence the plaintiffs sustained a special damage, is not convincing; their damage was special in amount only, not in kind. The vexatious daily strain of heavy hauling over this bad way necessarily in the course of a few months broke down their horse and truck. There was, as to both, a serious depreciation in value, and greater loss to them than to others of the public, who used the street less; but the others

suffered the same kind of loss, only in less degree. Every case cited by counsel for appellee is one where the traveler sustained a special injury not common to the public, who used the highway. A public wrong, if this were such a wrong, as is alleged, amounting to a public nuisance, is reached at the suit of the public in another court by an altogether different form of proceeding. But this whole question was so fully considered in the report of the master, the late E. Coppee Mitchell, Esq., affirmed by this court in an opinion by Chief Justice PAXSON, in Gold v. The City of Philadelphia, 115 Pa. 184, that we can add nothing to what is there so clearly shown.

The appellant's first assignment of error, that the court erred in refusing to direct a verdict for defendant, is sustained, and judgment reversed.