## Blankenburg, Appellant, *v.* Philadelphia Rapid Transit Company.

*Street railways—Fares—Municipalities—Contract—Equity—Act of June 19, 1871, P. L. 1360.*

1. Under the Act of June 19, 1871, P. L. 1360, a private citizen has no standing to maintain a bill in equity to compel the specific performance of a contract entered into between the municipality of which he is a citizen and a street railway company relating to rates of fare charged by the railway company on its lines within the city.

2. The act of 1871 applies to direct invasion of rights, not consequential injuries resulting from contractual relations, and the inquiry is limited in suits by private parties to the question of charter powers.

Argued Jan. 21, 1910. Appeal, No. 334, Jan. T., 1909, by plaintiff, from decree of C. P. No. 2, Phila. Co.,

June T., 1909, No. 609, dismissing bill in equity in case of Rudolph Blankenburg v. Philadelphia Rapid Transit Company.   Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.   Affirmed.

Bill in equity for the specific performance of a contract and for an injunction.

The opinion of the Supreme Court states the case.

*Error assigned* was decree dismissing the bill.

*Wm. A. Glasgow, Jr.*, with him *Edwin O. Lewis* and *Vivian Frank Gable*, for appellant.—Complainant was entitled to proceed under the act of assembly of Pennsylvania, of 1871: Windsor Glass Co. v. Carnegie Co., 204 Pa. 459.

Complainant was entitled to file this bill as a beneficiary under the contract of July 1, 1907, said contract having been made by the city of Philadelphia, as the corporate representative of complainant and for his benefit: Sewickley Boro. Sch. Dist. v. Gas Co., 154 Pa. 539; School Dist. v. Enterprise Nat. Gas Co., 18 Pa. Superior Ct. 73; Adams v. R. R. Co., 21 R. I. 134 (42 Atl. Repr. 515).

*Ellis Ames Ballard* and *John G. Johnson*, with them *James Gay Gordon*, for appellee.—The appellant has no standing under the act of 1871: Becker v. Ry. Co., 188 Pa. 484; Windsor Glass Co. v. Carnegie Co., 204 Pa. 459; Myersdale, etc., St. Ry. Co. v. Ry. Co., 219 Pa. 558; Penna. R. R. Co. v. Greensburg, Jeanette & Pittsburg St. Ry. Co., 176 Pa. 559; Hannum v. Media, etc., Electric St. Ry. Co., 221 Pa. 454.

The appellant has no standing to maintain this bill as a "beneficiary" of the contract: Millcreek Twp. v. Erie Rapid Transit St. Ry. Co., 209 Pa. 300.

OPINION BY MR. JUSTICE ELKIN, May 24, 1910:

The question involved here under the circumstances

of this case is purely academic because the merits of the controversy have been considered and determined in another proceeding involving the same questions between the city of Philadelphia and the defendant company. In that case it has just been decided that the question raised is ruled by Philadelphia v. Rapid Transit Co., 224 Pa. 544. It may be assumed that what appellant and all other interested parties desire is that the rights of the contracting parties under the contract between the city and the transit company should be determined and this has been done. It is strongly urged, however, that the appellant as an individual and a citizen of the city of Philadelphia had the right to file his bill and seek the relief prayed for. The learned court below determined this question against him and after full consideration here this court is of opinion that the conclusion reached is a proper one under the rule of our cases. The right of appellant to thus proceed as an individual complainant is asserted upon the theory that his private rights are being injured or invaded by a corporation and that in such cases a court of equity has jurisdiction under the act of 1871, to hear and determine the matters in dispute with power to grant relief. This is an erroneous view of the powers conferred by that statute and is without warrant under the language of the act and the long line of decisions construing it. The act gives to individuals the right to complain and to courts the power to inquire and ascertain when it is alleged that private rights are being injured or invaded by a corporation claiming to have the right to do the act or acts about which complaint is made, but the inquiry in such cases is limited to the question whether the "corporation does in fact possess the right or franchise to do the act from which such alleged injury to private rights results." It has been held in all the cases in which the question has been raised that the act does not authorize a collateral attack upon a corporate franchise or charter power and that the inquiry thereunder is limited to the nature and

extent of the franchise prima facie conferred by charter. No question of charter power is raised by this proceeding and it is difficult to see upon what theory the act can be invoked to extend relief for incidental injuries alleged to have been suffered by an individual by reason of a contract entered into between a quasi public corporation on one side and a municipality on the other in which the power to execute such a contract is not involved. The act applies to direct invasion of rights, not consequential injuries resulting from contractual relations and the inquiry is limited in suits by private parties to the question of charter powers: Penna. Railroad Co. v. Railway Co., 176 Pa. 559. This is the rule of all our cases and it is conclusive against the contention of appellant in so far as his right to proceed under the act of 1871 is involved. It is strongly urged that appellant is a beneficiary under the contract between the city and the transit company and as such has a right to file his bill and demand the relief sought. He has no interest different from that of the general public so as to entitle him to proceed as an individual and the interests of the general public in the matter in dispute have been fully presented in a proceeding instituted by the proper officials of the city, one of the contracting parties, against the transit company, involving the same questions under the same contract. This was the conclusion reached by the learned court below and in view of all our cases we think it must be sustained.

Decree affirmed at the cost of appellant.