## Easton Transit Company's Petition.

*Corporations—Surrender of power—Parties—Appeals — Act of April 9, 1856, P. L. 293.*

1. By proper proceedings the State may always release a corporation chartered by it from the performance of any public duties required by the charter.

2. Under the Act of April 9, 1856, P. L. 293, the only question to be determined on the hearing of a petition by a corporation for leave to surrender any power contained in its charter, is whether or not such surrender may be granted without prejudice to the public welfare or the interests of the corporators.

3. If the petition is granted, the only persons who can appeal from the decree of the court below, are those who are entitled to represent the public, those who are corporators or those having some personal right necessary to be specially protected.

4. Individual citizens whose interests are different in degree but not in kind from those of other citizens, are not entitled to appeal therefrom.

Argued March 8, 1921. Appeal, No. 147, Jan. T., 1921, by Jacob S. Lapp et al., citizens, from decree of C. P. Northampton Co., June T., 1920, No. 1, on petition of street railway company to surrender part of its franchises, In re Petition of Easton Transit Company. Before FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ. Appeal quashed.

Petition by Easton Transit Company for permission to surrender its charter power to operate a street railway from Country Club Junction northwardly into the borough of Nazareth. Before STEWART, P. J.

The opinion of the Supreme Court states the facts.

The court entered a decree in accordance with the prayer of the petition: See 17 Northampton Co. R. 244. Jacob S. Lapp et al., citizens and residents of the district, appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Herbert F. Laub,* of *Smith, Paff & Laub,* for appellants.

*H. J. Steele, Thos J. Perkins* and *C. Edward Paxson,* for appellee, were not heard.

OPINION BY MR. JUSTICE SIMPSON, March 28, 1921:

The Easton Transit Company filed a petition in the court below, under the Act of April 9, 1856, P. L. 293, for permission to surrender its charter right to operate a railway over a designated portion of its line; protests were filed by many individuals, including appellants, and by the supervisors of the townships affected; a hearing was had and a final decree entered granting the prayer of the petition. These appellants, in their individual capacity, are the only ones who have appealed, and the single point necessary to be now decided is whether they have a standing so to do.

The charter is a contract between the State and petitioner, authorizing and requiring the latter to perform certain public duties unless released therefrom by the State (Lauman v. Lebanon Valley Railroad Co., 30 Pa. 42) ; the individual citizens of the locality through which the railway passes, are not parties to the contract, and have no legal right to meddle in matters relating to its performance; and hence cannot, under any circumstances, compel petitioner to perform any of the duties thereby imposed upon it, but especially cannot where, as here, abandonment has been decreed under express statutory authority: Lauman v. Lebanon Valley R. R. Co., supra; Olyphant Sewage Drainage Co. v. Olyphant Borough, 196 Pa. 553; Blankenburg v. Phila. Rapid Transit Co., 228 Pa. 338. Under the Act of 1856, the only question to be determined by the court below was whether "the prayer of such petition may be granted without prejudice to the public welfare or the interests of the corporators." It necessarily follows from the foregoing, that, in the absence of special statutory authority so to do, no one has a right to appeal from the decree, unless he is authorized to act in matters relating to "the public welfare," or to "the interests of the corporators," or has some personal right necessary to be specially protected, for instance, if an existing creditor, or a possible future one under an existing contract. Appellants do not be-

long to any of these classes, and there is no special statutory authority authorizing them to appeal. It is true, they have an interest in the sense that an abandonment of this portion of the line will deprive them of one of the methods they previously used in traveling to and from their homes; but this is a difference in degree only and not in kind from that of the public generally; and because thereof we have consistently held it does not give to the individual citizen a standing to complain in such matters, even though he suffers a greater damage than any other citizen: Gold v. Phila., 115 Pa. 184; Megargee v. Phila., 153 Pa. 340. It follows that, in the legal sense, appellants are not "persons......aggrieved," and under the statute no others have a right to appeal: Lawrence County's App., 67 Pa. 87; Singmaster's App., 86 Pa. 169; Gallagher's App., 89 Pa. 29; Appeal of Fidelity Ins., Trust & Safety Deposit Co., 115 Pa. 157; Assigned Estate of Graff, Bennett & Co., 146 Pa. 415.

The appeal is quashed.