## Nolan *v.* Farr et al.

*J. Julius Levy* and *Clarence Balentine,* for appellants.

*David J. Reedy,* for appellee.

140

PER CURIAM, October 29, 1928:

In this case petitions were duly presented to the board of registration commissioners of Lackawanna County, asking the commissioners to strike from the list of registered voters certain names appearing thereon. While the commissioners were proceeding with the performance of the duties prescribed by the Act of July 24, 1913, P. L. 977, as amended by the Act of June 18, 1915, P. L. 1027, one of the persons whose names it was asked should be stricken from the list filed a class bill in the Court of Common Pleas of Lackawanna County to November Term, 1928, No. 15, asking that the registration commissioners be enjoined from further pursuing the investigation in hand. The president judge of the court below granted a preliminary injunction without notice to the original petitioner in the pending proceeding. An appeal has been taken from that order and we are asked to grant a supersedeas; it must be allowed. Section 15 of the Amendatory Act of 1915 provides that "All such applications for correcting the register must be made not later than two weeks prior to the general or municipal election." The applications in this case were made before that time. The act also provides, "The commissioners shall fix a time and place for hearing them [the petitions] sufficiently in advance of the election for them to be heard and disposed of prior thereto and to have them reviewed by the courts." In this case the commissioners properly fixed the time and place of hearing and were proceeding in the performance of their duty when their hands were stayed by the preliminary injunction.

The proceeding to purge the list being purely statutory should have been strictly pursued. The act authorizes, in the same section above cited, that, "If any person is not satisfied with the decision of the commissioners, he may appeal to the court of common pleas as in other cases." This is the relief given to the parties respondent if they are not satisfied. The court below had no power

to stay the action of the commissioners as it did; and the commissioners have full authority to expedite the proceedings before them, so as to enable their final decision to be heard on appeal, as specified in the act. If any of the parties are dissatisfied when the decision of the commissioners is rendered, they may take an appeal, in which event the matter should be heard as the act specifies by the "court of common pleas" sitting in banc, and not alone by any one judge thereof, if other judges are available for the purpose.

And now, October 29, 1928, notice of the application here acted upon having been given to counsel for respondents, the supersedeas is allowed.