## Branch Township School Directors' Removal.

Argued April 18, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Thomas C. Egan,* with him *John B. McGurl* and *John J. Gain,* for appellants.

*R. A. Freiler,* with him *J. F. Mahoney,* for appellees.

OPINION BY MR. JUSTICE DREW, May 9, 1938:

This appeal is from a decree of the Court of Common Pleas of Schuylkill County removing appellants from the office of School Director of Branch Township, pursuant to proceedings for removal instituted under Section 217 of the School Code, Act of May 18, 1911, P. L. 309.

The record shows that the court in banc assigned one of its members to hear the testimony, make findings of fact and conclusions of law and a form of order or decree nisi for the consideration of the court in banc, and that this was accordingly done. Exceptions subsequently filed were argued before the court in banc, which overruled them and entered a final decree, removing all the directors, and appointing successors to those whose terms had not expired pending the proceeding. All the directors appealed.

The appellants all contend that the entire proceeding, including the hearing of the testimony, should have been before the full bench. It is argued that Section 217 of the School Code, supra, directing that, ". . . the Court shall then hear the several parties on such matters as are contained in said petition . . ." refers to the court in banc. And *Hanover Township School Directors,* 290 Pa. 95, is relied upon to support the argument. We made no such ruling there, nor elsewhere. We then held when school directors are removed, their successors must be appointed, not by a single judge, but by the court in banc acting as such. We said, at page 103, ". . . appointment of public officials is in the nature of a political power which, in certain instances, according to the law of Pennsylvania, may be conferred upon the courts, but it is the sort of responsibility which must be shared by

all the judges of the court acting in banc, or as many of them as are available for the purpose in any particular instance." We determined that the intent of the legislature, as expressed in Section 217, as regards removals and appointments of school directors, was that the court in banc should act, and we so interpreted the word "court" as used in the section in these respects. We did not, and it cannot now be done by analogy, interpret the same word in the same section, applying to a purely judicial function—hearing of testimony—in the same way. The legislature had no such intention. There is nothing in Section 217 or in the *Hanover Township* case, supra, to prevent a common pleas court from designating one of its members to hear testimony and state findings of fact and conclusions of law for action by the court in banc. Moreover, the practice of a single judge hearing the testimony in the instant type of proceeding, although not expressly sanctioned heretofore, has been generally followed and without question until this time: *Duryea Borough School Directors' Removal,* 322 Pa. 153; *Davis's Appeal,* 314 Pa. 357; *Meiss's Appeal,* 317 Pa. 28. We think this practice complies with the requirement of the statute, because final action is reserved to the court in banc. It is the only sensible and practical method open to our trial courts; if the full bench must sit to hear the testimony in such cases, the court would be closed to the transaction of all other business for the period of the hearing. That such a condition would be intolerable and against the public interest needs no proof. Viewed in this light it can be clearly seen the legislature had no such intention.

Two directors whose terms expired pending the present proceeding complain of the subsequent order of ouster. They contend that the expiration of their terms made the case moot as to them. The same contention was advanced upon the same facts in *Throop Borough School Directors,* 298 Pa. 453, 459, where we disposed of it as follows: "Though an actual removal had here be-

come impossible in fact, because of the expiration of the first term, yet the incidents of the finding of guilt, as provided in section 218, cannot be evaded by reason of this lapse of time."

Director Roy Hossler, who resigned after the institution of the present litigation, was included within the removal order, and a successor named to his place. Meanwhile, however, his fellow directors, subsequently removed, treating his resignation as effective, had appointed Henry Gottschall to his place, who acted until the following general election when Jerome Brady was elected by the voters of the district to complete Hossler's unexpired term. The final decree was subsequent to this appointment made by the directors, to the election, and to the expiration of the terms of two directors as well.

It is objected by Hossler that the proceeding could not continue against him after his resignation. His culpability was established beyond question, and plainly he should not, by his own act of resigning, be permitted to escape the five-year disqualification of Section 218 any more than those directors whose terms expired before the entry of the final order. In *Redstone Township School District*, 284 Pa. 325, we held the court was without jurisdiction to order ouster where the director had resigned before the ouster proceeding was begun. We expressly reserved the question of the effect of resignation after the commencement of the proceeding, but intimated, at page 333, that if the director withdrew ". . . to prevent the continuance of some instituted litigation, it would be treated as ineffective. . . ." The question being now squarely before us, we decide that the resignation of Hossler was ineffective to oust the court of jurisdiction to order his removal with the consequent disqualification. Whether the court had power to name a successor for the remainder of his term, in view of the fact that another, holding by election of the people, is already in the place, presents a question of

title to office as between two claimants, which can be decided only by quo warranto: *Sewickley Township School District's Appeal,* 327 Pa. 396. Consequently, as to the court's appointment of a successor to Hossler, we can neither affirm nor reverse. With this modification the decree is affirmed.

Decree affirmed as modified.