Snyder *v.* Murphy et al., Appellants.

Noll *v.* Same, Appellants.

Peel *v.* Same, Appellants.

Neidlinger *v.* Same, Appellants.

Tobias *v.* Same, Appellants.

Beuchler *v.* Same, Appellants.

Pfeiffer *v.* Same, Appellants.

Schoffstall *v.* Same, Appellants.

Noll *v.* Same, Appellants.

Submitted January 23, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John B. McGurl, Cyril C. Kilker* and *Cletus C. Kilker,* for appellants.

*J. F. Mahoney, R. A. Freiler* and *Elwyn Jones,* for appellees.

OPINION BY MR. JUSTICE LINN, March 22, 1939:

The argument of this appeal was consolidated with eight others pursuant to the petition presented by the School District of Branch Township. The basis of the petition[1] was that the same question was raised in all the cases. When the cases were called for hearing, they were submitted without oral argument.

In No. 106, it appears that Florence Snyder filed a petition for a writ of mandamus pursuant to the Act of June 8, 1893, P. L. 345, as amended, 12 PS section 1911 et seq. She averred that she was entitled to a teacher's contract under the Act of April 6, 1937, P. L. 213;[2] that the school board had refused to execute it and that she was entitled to an order requiring it. She named as defendants "Vincent Murphy, Lester Artz, Charles Simmet, Roy Hossler and Daniel Bush, . . . School Directors of the Township of Branch, Schuylkill County, Pa." Her petition was filed September 2, 1937. The defendants filed a return September 13, 1937. May 31, 1938, plaintiff demurred to the return. While this case was pending, another proceeding[3] for the removal of the School Directors of Branch Township was in process in the court below; it ended in their removal from office

---

[1] The petition averred—"1.—That all of said Appeals are from judgments of the Court of Common Pleas of Schuylkill County, Pennsylvania, awarding Peremptory Mandamus, directing the Appellants, the School Directors of the Township of Branch, to execute and deliver to the Plaintiffs therein, written contracts as teachers in said township, under Act of April 6, 1937, known as the Teachers' Tenure Act. 2.—That all of the said cases were instituted at the same time and the facts in each are identical with those in all of the others; that the ruling of the learned court below was precisely the same in each case, but one Opinion applicable to all of the cases being filed, and that in the Appeals before this court, the questions involved will be identical in each of the stated cases."

[2] See *Teachers' Tenure Act Cases*, 329 Pa. 213, 197 A. 344.

[3] The record was offered in evidence at the hearing on October 3rd on the motion to strike an order made by PAUL, J.

by decree affirmed, as will appear, in the opinion of this court reported in 330 Pa. 529, 199 A. 194.

On June 28, 1938, by a paper filed in the case, the plaintiff suggested that Murphy, Artz, Simmet, Bush and Hossler, named in her petition, "are no longer members of the School Board of the Township of Branch, Schuylkill County, Pennsylvania; that the present members of said Board are Harry Woods, Edwin Zimmerman, George Snyder, Henry Gottschall and Clyde Shock; that the said Harry Woods, Edwin Zimmerman, George Snyder, Henry Gottschall and Clyde Shock, be substituted as parties defendant in the above action." On July 7th the court directed the suggestion to be filed and that the parties named "be substituted as parties defendant." Thereafter a peremptory writ was issued commanding the directors to deliver a contract in accordance with the Teachers' Tenure Act.

In the Statement of Questions Involved, counsel for appellants propose for review three questions: 1, whether the petition should have been dismissed for misjoinder on the ground that one of the defendants was not a school director; 2, whether the petition should have been dismissed for nonjoinder on the ground that one of the school directors was not named as a defendant; 3, whether the substitution, in the circumstances, brought the school board into court.

For two reasons, it is unnecessary to consider the first and second: a reading of the opinion in *Branch Township School Directors' Removal,* 330 Pa. 529, 199 A. 194, will show there is no merit in them as related to the present record; the appearance of the substituted directors cured the defect if there was any.

The record clearly shows that the substituted defendants came into court by their counsel before the peremptory writ was issued, participated in the proceeding, took the appeal to this court and participated in the proceedings here. The court below had jurisdiction of the subject and, when the defendant directors submitted

themselves by general appearance, the school district was in court. The appeal to this court was taken by an order signed by Messrs. Kilker & Kilker and Mr. John B. McGurl, as attorneys for appellants, stating: "Enter appeal on behalf of Defendants, School Directors of Branch Township." They give the names of the defendants as follows: "Vincent Murphy, Lester Artz, Charles Simmet, Roy Hossler, Daniel Bush, School Directors of the Twp. of Branch, Sch. County, Penna., now Harry Woods, Edwin Zimmerman, George Snyder, Henry Gottschall and Clyde Shock, School Directors of the Twp. of Branch, Defendant." The affidavit was made by Henry Gottschall, who deposed that the appeal was taken "because Appellants believe they have suffered injustice."

The same counsel, Mr. McGurl and Messrs. Kilker and Kilker presented to this court the petition of the School District of Branch Township for the consolidation of the argument of the nine appeals.

The Mandamus Act of 1893, P. L. 345, 12 PS section 1972, provides: "The death, resignation or removal from office, by lapse of time or otherwise, of any defendant, shall not have the effect to abate the suit, but his successor may be made a party thereto, and any peremptory writ shall be directed against him." In *Com. v. Schmidt*, 287 Pa. 150, 134 A. 478, an attachment issued against the county commissioners in office for failure to comply with the court's order though they were not in office when the order was made, and it was said that "since they all appeared and filed answers, the manner in which they were brought into court is immaterial" (at p. 155).

The printed argument makes no complaint on the merits. We should also add that, so far as concerns the superseded appellants, Messrs. Murphy, Artz, Simmet, Bush and Hossler, we are not advised in what respect they are aggrieved by the order on the School District, in the sense in which only aggrieved parties may appeal:

310

compare *Easton Transit Co.'s Petition*, 270 Pa. 136, 139, 112 A. 917.

The order appealed from must be affirmed at the costs of the appellants. In each of the other appeals a similar order will be made.