## Commonwealth ex rel. v. Brady

*Elwyn Jones, R. A. Freiler,* and *J. F. Mahoney,* for relator.

*John B. McGurl, Cyril Kilker,* and *Cletus Kilker,* for respondents.

PALMER, J., July 24, 1939.—This is a proceeding upon a suggestion praying for a writ of quo warranto, filed on June 20, 1938, by relator, George Snyder.

On December 20, 1937, this court removed Vincent Murphy, Lester Artz, Charles Simmet, Daniel Bush, and Roy Hossler as School Directors of the School District of Branch Township, for failure to perform or neglect in the performance of duties made mandatory by the provisions of the School Code of May 18, 1911, P. L. 309. On December 29, 1937, the court appointed relator George Snyder, to fill the unexpired term of Roy Hossler. A supersedeas was granted by the Supreme Court and the former school directors remained in office until May 9, 1938, when the Supreme Court affirmed the decision of this court, decreeing their removal from office.

In the interval of time passing between the decree of this court and the affirmance of this decree by the Supreme Court, the terms of office of Vincent Murphy and Lester Artz had expired and Henry A. Gottschall and Claude Schock were duly elected to succeed them at the municipal election of November 2, 1937.

Prior to the decree of this court, on December 7, 1936, Roy Hossler resigned as a member of the Branch Township School Board and, subsequently, at the same meeting, the remaining members of the board, in accordance with section 214 of the Act of 1911, supra, named Henry A. Gottschall as his successor. Henry A. Gottschall qualified as a director and served until the first Monday of December 1937. At the municipal election of November 2, 1937, respondent was duly elected to fill the unexpired term of Roy Hossler. Respondent, Jerome Brady, qualified and has served as a member of the board from the first Monday of December 1937, to the present time.

Upon the aforesaid suggestion, dated June 20, 1938, we allowed the writ to issue, returnable on July 11, 1938. Respondent, Jerome Brady, moved to quash the writ and demurred to the writ on July 9, 1938. In our opinion of January 16, 1939, we overruled respondent's motion to quash and the demurrer and allowed him 15 days within which to file an answer on the merits: Commonwealth v.

Brady, 35 D. & C. 184. Respondent filed his answer on January 31, 1939, and to this answer relator demurred.

We have set forth briefly the material facts in this case. These facts are admitted by the parties. A demurrer has the effect of admitting all material allegations of fact: Commonwealth ex rel. v. Blume, 307 Pa. 406.

There is no question in this case as to the proper remedy of relator. The Supreme Court in its former opinion specifically designated quo warranto as the remedy to decide this issue: Branch Township School Directors' Removal, 330 Pa. 529.

"Whether the Court had power to name a successor for the remainder of his term, in view of the fact that another, holding by election of the people, is already in the place, presents a question of title to office as between two claimants, which can be decided only by quo warranto. . . . Consequently, as to the court's appointment of a successor to Hossler, we neither can affirm nor reverse."

The relator in this case asks judgment of ouster against Jerome Brady for the following reasons:

"1. Because respondent admits that Roy Hossler, a School Director of the School District of the Township of Branch, said county, was removed as a school director in said school district by decree of the Court of Common Pleas of Schuylkill County dated December 20, 1937, no. 366 November term, 1936, under the power of articles 11, sec. 217, of the School Code of 1911.

"2. Because respondent admits that the Court of Common Pleas of Schuylkill County, Pennsylvania, pursuant to the provisions of article 11, sec. 217, of the School Code of 1911, on December 29, 1937, appointed plaintiff George Snyder to fill the vacancy.

"3. Because respondent admits that plaintiff took the required oath of office and submitted to the said school board said oath of office together with certificate of the court of common pleas showing his appointment by your honorable court to said office.

"4. Because respondent admits that Roy Hossler was a member of said school board at the time said petition of ouster was filed.

"5. Because respondent's answer does not set forth a legal defense to the allegations of plaintiff's suggestion and affidavit for quo warranto and is in other respects insufficient."

The reasons given by relator, in each case, relate to the relative rights of relator and Roy Hossler to the office of school director. They do not refer to the rights of respondent, Jerome Brady. The purpose of this proceeding is to adjudicate the rights of relator and Jerome Brady to the office of school director.

When the court appointed relator, George Snyder, to the office of school director, formerly held by Roy Hossler, on December 29, 1937, there was in fact no existing vacancy to that office. Hossler had resigned on December 7, 1936, one year prior to the appointment of relator, and the remaining members of the school board appointed Henry Gottschall in accordance with the provisions of section 214 of the School Code, supra. Henry Gottschall served until the succeeding municipal election when respondent was selected by the voters to fill the unexpired term of Roy Hossler. The mere fact that ouster proceedings had been instituted against the members of the Branch Township School Board several weeks prior to December 7, 1936, did not prevent Roy Hossler from resigning as a member of the board or the remaining members from accepting this resignation and naming his successor in accordance with the terms of section 214, supra. To hold contrary to this would be to assert the doctrine that subsequent to the institution of ouster proceedings against the members of a school board, the acts of such board even though legal would become void ipso facto.

There is no allegation in relator's petition nor is it anywhere alleged by relator that the resignation of Roy Hossler was not in good faith. Hence the resignation must

be assumed to be bona fide and not for the purpose of ousting the jurisdiction of this court in the proceeding then pending.

In the interval elapsing between the appointment of Henry Gottschall on December 7, 1936, by the school board, and the final decree of ouster by the Supreme Court on May 9, 1938, the electorate of the Township of Branch had an opportunity to elect a successor to Roy Hossler. They having elected respondent, Jerome Brady, we are of the opinion that under all the facts it is not within the province of the court to set aside this election.

And now, July 24, 1939, the demurrer filed by relator, George Snyder, to the answer of respondent, Jerome Brady, is overruled; two members of the court being of the opinion that the demurrer of the relator should be sustained. Houck, P. J., and Paul, J., dissent.

HOUCK, P. J., dissenting.—Because of equal division of the court on the disposition to be made of relator's demurrer to respondent's answer, the demurrer stands overruled, with judgment entered for respondent. When the court is equally divided, the motion before the court falls: Madlem's Appeal, 103 Pa. 584; or, as stated in Summers v. Kramer, etc., et al., 271 Pa. 189, 195:

"Ordinarily, when the sitting judges are equally divided as to the judgment or decree which should be entered, the motion or rule fails and an order is entered accordingly".

I dissent from the judgment thus entered in this case and state the reasons on which I would sustain the demurrer.

Proceedings were instituted on October 26, 1936, to remove the School Directors of Branch Township, one of whom was Roy Hossler, who was elected in 1935 for a term of six years, expiring on the first Monday of December 1941. On November 7, 1936, after the petition for removal had been presented and the jurisdiction of the court had attached, Hossler tendered his resignation as a

school director to the school board. Thereupon, at the same meeting, the remaining members of the board elected Henry A. Gottschall as Hossler's successor. Gottschall served until the first Monday of December 1937, and, at the election of November 2, 1937, Jerome Brady, respondent herein, was elected to fill the unexpired term of Hossler. On December 20, 1937, the court in banc removed the school directors, including Hossler and, on December 29, 1937, it appointed George Snyder, relator, to fill Hossler's unexpired term. Thereupon, an appeal was prosecuted to the Supreme Court, which affirmed the judgment of ouster, but neither affirmed nor reversed the action of the court in appointing a successor to Hossler, stating that this action presents a question of title to office which can be decided only by quo warranto. Subsequently, on June 20, 1938, the present quo warranto proceeding was instituted to test respondent's title to the office. Relator demurred to respondent's answer, contending that the admitted facts show, as a matter of law, that respondent should be ousted.

It seems to me that the question to be determined is whether there was a vacancy which could be filled by election in November 1937. If Hossler's seat was not then vacant, the election was a nullity. See Commonwealth ex. rel. v. James, 214 Pa. 319. It is my opinion that there was no vacancy.

In our opinion removing Hossler from office (In re Petition to remove School Directors of Branch Twp., 5 Schuyl. Reg. 249,) we said (p. 253) :

"We have concluded that Hossler is subject to judgment of ouster. Hossler's culpability is established beyond question, and it would set a dangerous precedent, we believe, to permit one in his position to resign without the consent of the court after the court has acquired jurisdiction of a petition to remove. All accused directors could then resign in turn and fill their vacated offices with their own nominees, thus effectually defeating the purpose of the petition to remove." In passing upon the same question,

the Supreme Court said in Branch Township School Directors' Removal, 330 Pa. 529, 532:

"In *Redstone Township School District*, 284 Pa. 325, we held the court was without jurisdiction to order ouster where the director had resigned before the ouster proceeding was begun. We expressly reserved the question of the effect of resignation after the commencement of the proceeding, but intimated, at page 333, that if the director withdrew '. . . to prevent the continuance of some instituted litigation, it would be treated as ineffective. . . .' The question being now squarely before us, we decide that the resignation of Hossler was ineffective to oust the court of jurisdiction to order his removal with the consequent disqualification."

Either Hossler was a school director until the time of the ouster or he was not. Surely his resignation could not be treated as being ineffective for one purpose and effective for another. If it was ineffective to prevent removal, it must be because Hossler remained a member of the school board. Consequently, he remained a school director in spite of his attempted resignation until final judgment of ouster was entered against him.

Respondent's title to the office depends not alone on the fact of his election; it depends as well upon the question whether Hossler's attempted resignation created a vacancy to be filled by election. Being of the opinion that there was no vacancy to be filled by election of the people, respondent's election was abortive and he has no title to the office which he claims. When the vacancy was created by the removal of Hossler and the other directors, the court had jurisdiction to appoint a successor to Hossler under section 217 of the School Code of May 18, 1911, P. L. 309. The court having appointed realtor, he has valid title to the office.

For the foregoing reasons, I would sustain relator's demurrer and enter judgment of ouster against respondent.