## Second Legislative District Election Contest (No. 1)

*Daniel J. Flood, James Lenahan Brown* and *Joseph V. Kasper*, for contestant.

*Mitchell Jenkins, Nelson A. Bryan* and *Frank Slattery*, for respondent.

VALENTINE, P. J., December 27, 1954.—This is an election contest for the office of representative in the general assembly from the second legislative district of Luzerne County.

The Act of June 3, 1937, P. L. 1333, art. XVII, sec. 1741, 25 PS §3401, provides that such contests "shall be tried and determined *by the Court of Common Pleas* of the county where the person returned as such shall reside."

Section 1742 of the above act, 25 PS §3402, designates the following procedure: "the Court . . . if in session, or the president judge thereof, if in vacation, shall immediately appoint a suitable time for the hearing in open court of such complaint; and if the *court* is not in session, the president judge to whom such complaint is made, shall direct the *court* to convene for that purpose, notice of which shall be given to the person returned, at least ten days before such hearing."

The contest petition was presented to Hon. J. Harold Flannery on Saturday, November 20, 1954, during the October term of court, but at a time when the court was not in session. Upon presentation of the same, Judge Flannery fixed December 2, 1954, as a time for hearing. Respondent has, at no time, objected to this procedure or to Judge Flannery's order.

On November 22, 1954, respondent's motions to quash the contest petition, and for a bill of particulars, were presented to the motion judge. On December 6, 1954, these motions were argued before Judge Flannery and the president judge, to whom the motions had been presented, and were, in due course, denied.

On December 15, 1954, prior to the taking of testimony before Judge Flannery, respondent's counsel stated the following of record:

"If the Court please, the respondents object to the taking of testimony before a single judge in view of the fact that the statute under which this proceeding is brought requires that the testimony be taken before a 'Court' and we believe under the rule of the Supreme Court of Pennsylvania it was decided that a single judge does not constitute the 'Court'."

This objection was overruled by Judge Flannery, the hearing proceeded with, and testimony taken for two days, during which time contestant's case was almost completed.

On December 17, 1954, at 2 p.m., respondent's counsel presented a petition to the president judge, setting forth that before the commencement of the hearing they had objected to the taking of testimony before a single judge and praying that the hearings before Judge Flannery be ordered discontinued.

Inquiry developed that at this time contestant's case had been completed with the exception of two witnesses, who were to be called on the afternoon of said day, December 17th. The testimony of these witnesses was dispensed with, and prior to the time fixed for argument of the question here presented before the court en banc on Monday, December 20, 1954, contestant's case had been completed.

The question raised is one of procedure rather that jurisdiction. The respondent did not contest the original order made by Judge Flannery fixing a time for hearing, and when the objection to the taking of testimony before a single judge was over-ruled, the hearing was proceeded with; as a result the matter was brought to our attention at a time when contestant's case was practically concluded.

Had the application to have all or a majority of the judges sit and hear the testimony been made immediately after Judge Flannery made the ruling now complained of, a different situation would be presented.

The statute provides that the contest here involved "shall be tried and determined *by the Court of Common Pleas*". In this district there are five common pleas judges. Each judge is an official of said court.

A "court" is a tribunal officially assembled under authority of law at the appropriate time and place for the administration of justice: McCormick's Contested Election, 281 Pa. 281.

There are many duties, in connection with the general administration of justice, which the individual judge may discharge and perform, some as incident to

the office at common law, and others by statute conferring the power, but in the latter case it will be found that the statute in so many words *commits the power to the judge as distinguished from the court:* Carter's Estate, 254 Pa. 518-527; Sterrett v. MacLean et al., 293 Pa. 557-564. As expressed in the more recent decision in Sigel Appeal, 372 Pa. 527, 529:

"While there are many things in connection with the administration of justice that an individual judge may do and perform, there are others where a majority of the Court (if the Court consist of more than one judge) is required for final action, and *this is especially true where a power is conferred upon the Court by statute.*" (Italics supplied.)

Where a court consists of a greater number of judges than two, at least two must sit as the court en banc and, when it can be arranged without considerable inconvenience, three should sit: Sterrett v. MacLean, supra, at pages 565-66.

Nolan v. Farr et al., 294 Pa. 139, involved the construction of the Act of July 24, 1913, P. L. 977, as amended by the Act of June 18, 1915, P. L. 1027, regulating appeals from the action of the county commissioners in striking from the list of registered voters certain names appearing thereon. The act provided that "If any person is not satisfied with the decision of the commissioners, he may appeal to the Court of Common Pleas as in other cases". In passing upon this language the Supreme Court said (page 141):

"If any of the parties are dissatisfied when the decision of the commissioners is rendered, they may take an appeal, in which event the matter should be heard as the act specifies *by the 'Court of Common Pleas' sitting en banc, and not alone by any one judge thereof, if other judges are available for the purposes.*" (Italics supplied.)

We conclude that there is no objection to the taking of testimony in an election contest before one judge, if such procedure is assented to, or if such member has been designated by the common pleas court to hear testimony and state findings of fact and conclusions of law for action by the court en banc: See Branch Township School Directors' Removal, 330 Pa. 529. If neither of these courses has been pursued a majority of the members of the court should preside at the hearing. Here, however, no application that the case be heard before more than one judge was made until the conclusion of contestant's case. Although it is possible that there might be a difference of opinion relative to some rulings on the admission or rejection of evidence, the testimony of the witnesses, which must form the basis for the findings of fact, would not be changed by a retaking of their testimony, and no good purpose would be served by recalling the witnesses and having their testimony (already given before Judge Flannery) repeated before additional members of the court. After the testimony has been transcribed, the case will be argued before the court en banc, and the judges then sitting, or a majority of them, will, as required by art. XVII, sec. 1745, of the Act of 1937, supra, 25 PS §3405, "decide which of the candidates voted for received the greatest number of legal votes and is entitled to the nomination or election".

This opinion is filed for the purpose of placing on record the reasons for the order of December 20, 1954, refusing respondent's application for an order directing that the hearings before Judge Flannery be discontinued.

### CONCURRING OPINION

FLANNERY, J., December 27, 1954.—I join in the opinion of this court by the president judge, W. A.

Valentine, handed down this date and I would include in it an excerpt from Branch Township School Directors' Removal, 330 Pa. 529, as a statement of judicial interpretation and policy supporting the action taken here.

The Supreme Court there said, at page 531:

"We determined that the intent of the Legislature, as expressed in Section 217, as regards removals and appointments of school directors, was that the Court in banc should act, and we so interpreted the word *'Court'* as used in the section in these respects. We did not, and it cannot now be done by analogy, interpret the same word in the same section, applying to a purely judicial function—hearing of testimony—in the same way. The Legislature had no such intention. There is nothing in Section 217 or in the Hanover Township case, supra, to prevent a Common Pleas Court from designating one of its members to hear testimony and state findings of fact and conclusions of law for action by the Court *in banc. Moreover, the practice of a single judge hearing the testimony in the instant type of proceeding, although not expressly sanctioned heretofore, has been generally followed and without question until this time:* Duryea Borough School Directors' Removal, 322 Pa. 153; Davis's Appeal, 314 Pa. 357; Meiss's Appeal, 317 Pa. 28. We think this practice complies with the requirement of the statute, because final action is reserved to the Court *in banc. It is the only sensible and practical method open to our trial courts. If the full bench must sit to hear the testimony in such cases, the Court would be closed to the transaction of all other business for the period of the hearing. That such a condition would be intolerable and against the public interests needs no proof.* Viewed in this light it can be clearly seen the Legislature had no such intention." (Italics supplied.)