# Edmundson, Appellant, v. Pittsburgh School District.

*Municipalities — Contracts — Competitive bidding — Time for completion—School code—Act of May 18, 1911, P. L. 309.*

1. In order that bidders on a public building may put in their bids upon a common basis, or from a common standard, ·they should be informed, by the advertisement or the specifications on file, of (1) the quantity or amount of the work or supplies, whenever it can be specified; (2) the time within which the work is to be finished or the supplies furnished; (3) the manner in which the work is to be done; (4) the quality of the materials, if any, to be furnished; and (5) any other matter necessary to enable bidders to bid intelligently.

2. Where the specifications for the erection of a public school building let under the provisions of the Act of May 18, 1911, P. L. 309, contain no notice as to the time for completing the contract and each bidder specified his own time there was no common basis upon which the bids could be computed. The letting was therefore illegal and upon bill in equity by a taxpayer, the erection of the building was restrained.

Argued Feb. 2, 1915.   Appeal, No. 50, Oct. T., 1915, by plaintiff, from decree of C. P. Allegheny Co., No. 1037, Jan. T., 1915, in equity, refusing an injunction in case of Ira H. Edmundson v. The Board of Public Education of the School District of the City of Pittsburgh, David B. Oliver, President; Taylor Allderdice, Vice-President; George W. Gerwig, Secretary; Eustace S. Morrow, Controller; Harry M. Landis, Treasurer; Marcus Aaron, et al., Constituting the Officers and Members of said Board of Public Education, and James L. Stuart, doing business as James L. Stuart Company.   Before Brown, C. J., Mestrezat, Potter, Elkin and Frazer, JJ.   Reversed.

Bill in equity to restrain erection of high school building under contract alleged to have been entered into

without proper competitive bidding. Before SWEARIN-GEN, J.

The facts appear by the opinion of the Supreme Court. The lower court dismissed the bill. Plaintiff appealed.

*Error assigned,* among others, was the decree of the court.

*Thomas Patterson* and *Joseph Stadtfeld,* for appellant.—The contract entered into by the school board without having specified in its notice to bidders any time limit, is illegal. The bidding could not be competitive where there is no common standard in relation to which bids are submitted: Mazet v. Pittsburgh, 137 Pa. 548; Ryan v. Ashbridge, 10 Pa. D. R. 153; Louchheim v. Philadelphia, 218 Pa. 100; Kneeland v. Furlong, 20 Wis. 437.

*Frederic W. Miller,* for James L. Stuart, appellee.

*J. Rogers McCreery,* for Pittsburgh School District, appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, March 22, 1915:

The board of public education of the school district of the City of Pittsburgh, subject to the School Code, approved May 18, 1911, P. L. 309, advertised, on October 8, 1914, for proposals for the erection of a high school building on Grant boulevard, in the said city, according to plans and specifications prepared by its architect. Neither in the form of proposal furnished by the board, nor in the specifications prepared on its behalf, was any date designated for the completion of the building. Every one who submitted a bid inserted therein his own date for the completion of the structure. The bids received by the board, twelve in number, were opened on November 3, 1914, and varied in amounts from $651,979

to $826,000, and in the dates for the completion of the building from October 1, 1915, to September 1, 1916. The contract was awarded to James L. Stuart, one of the defendants below, at his bid of $710,600, which was $58,621 higher than the lowest bid, and the date which he fixed for the completion of the contract was October 1, 1915. There were eight bids lower than his. After accepting it the board promptly entered into a contract with him. Three or four days later this bill was filed by the complainant, as a taxpayer of the City of Pittsburgh, on his own behalf and on behalf of others who might join therein, praying that the said contract should be declared illegal, null and void, and for an injunction restraining the doing of any work thereunder, on the ground that, in the absence of any designation by the board of the time within which the building was to be completed, there had been no such competitive bids for the contract as the law requires. After a hearing the court refused the injunction and dismissed the bill, for the reason that the school code does not require specifications for work to contain the date within which it must be completed, if the date for the completion of the same be not an essential consideration.

There is neither averment nor proof that there was any fraud in connection with the letting of this contract. The question of fraud is not in the case. That the board of school directors had a discretion in awarding the contract is not to be doubted, for Section 617 of the school code provides that every contract in excess of $300 made by any school district in the Commonwealth, for the introduction of heating, ventilating, or lighting systems, or the construction, reconstruction, or repair of any school building or work upon any school property shall be awarded "to the lowest and best bidder, after due public notice has been given, upon proper terms asking for competitive bids." These words clearly vest a discretion in the board of school directors in awarding a contract, which is not to be given to the lowest bidder,

but "to the lowest and best": Commonwealth v. Mitchell, 82 Pa. 343; Findley v. Pittsburgh, Id., 353. But before this discretion, vested by the statute in school directors, can be exercised by them, they must qualify themselves for the exercise of it, and they become qualified to exercise it only "after due public notice has been given, upon proper terms asking for competitive bids." This means that by due public advertisement bidders must have an opportunity of being informed of what the school district will require in awarding a contract for the construction of a school building. When bids are thus invited through due public notice, it goes without saying that bidders ought to be asked to make their bids from "a common standard"; Mazet v. Pittsburgh, 137 Pa. 548. All ought to bid upon exactly the same basis. Competitive bidding necessarily implies this. However far apart the bids may be, all bidders propose to do the thing called for. Each proposes to do the same thing, though they may differ as to the compensation to be paid them, and all ought to bid upon exactly the same basis, if there is to be fair competitive bidding. It is a matter of common knowledge that, as a rule, proposals for bids for contracts for the construction of individual or public buildings specify the time within which they are to be completed, and the contracts themselves prescribe penalties as liquidated damages for delay beyond the time specified for the completion of the work. That bidders may put in their bids upon a common basis, or from a common standard, they "should be informed, by the advertisement or the specifications on file, of (1) the quantity or amount of the work or supplies, whenever it can be specified; (2) the time within which the work is to be finished or the supplies furnished; (3) the manner in which the work is to be done; (4) the quality of the materials, if any, to be furnished; and (5) any other matter necessary to enable bidders to bid intelligently": McQuillin on Municipal Corporations, Sec. 1207. In the present case the members of the school board un-

doubtedly regarded the time within which the building should be completed as important and took the same into consideration in inviting bids, for in all the blank proposals which they prepared for bidders there was a clause which bound the bidder to complete the building on or before a date to be inserted by himself. In other words, each bidder was to fix the time within which he was to finish the building if the contract should be awarded to him. In addition to this it appeared from the testimony of Edward Stotz, one of the three witnesses called by the school board, and its architect in charge of the construction of the building involved in this controversy, that it would be necessary, in order to have competitive bidding between men of equal organization and efficiency, to have a fixed date for the completion of the contract. How, then, can it be said that the competitive bids in this case were properly invited or properly made? If they were not invited in disregard of an express statutory requirement, they were in violation of a clearly implied one.

The school code provides for competitive bids, and, upon grounds of public policy and under the rules regulating the awarding of contracts by public authorities, if the essential element of the time of the completion of a contract may be omitted from the specifications upon which bids are asked, there cannot be fair competitive bidding. On the other hand, by omitting the element of time from proposals, it is easy to conjecture how the door to the perpetration of fraud may be opened. In the case before us twelve bids were submitted varying, as already stated, in amounts from $621,979 to $826,000, and in the dates of completion from October 1, 1915, to September 1, 1916. Eight bids were lower than the one accepted. If the bidders had all been put upon a common basis as to the time for the completion of the building, who can say that the school board would not have accepted a lower bid as being the best? The decree of the court below cannot be sustained. It is, therefore, re-

versed, the bill is reinstated, and it is now ordered, adjudged and decreed that the contract made and entered into between the Board of Public Education of the School District of the City of Pittsburgh and James L. Stuart, on November 10, 1914, is illegal, null and void, and the defendants below, their officers, agents and servants, are respectively restrained and enjoined from doing any work in the construction of the said high school building in pursuance of said alleged contract, the costs below and on this appeal to be paid by the Board of Public Education of the School District of the City of Pittsburgh.