## Summit Hill School Directors.

*School law—School code of May 18, 1911, P. L. 309, Secs. 217 and 617—School directors—Awarding of contracts without competitive bidding—Removal—Judicial discretion.*

1. Under Section 217 of the school code of May 18, 1911, P. L. 309, the removal of directors for the causes specified is a matter within the discretion of the lower court.

2. Section 617 of the school code, requiring that all contracts for work on school buildings or property in excess of $300 "shall be awarded to the lowest and best bidder, after due public notice has been given, upon proper terms asking for competitive bids," is mandatory.

3. A petition instituted under Section 217 of the school code by resident taxpayers of the school district alleged that the three directors had let a contract for labor and materials amounting to more than $300, without competitive bidding, in violation of Section 617 of the code. It appeared that certain repairs were needed and that the directors had let a number of contracts, each of which contract was less than $300, but the aggregate amount of which exceeded $300, without competitive bidding. The lower court found that, although there was no actual fraud or dishonesty, the letting of several contracts for repairs, each for a less amount than

$300, indicated at least an intention to avoid the requirements of the code, and removed the directors. *Held,* the lower court had not abused its discretion, and the decree was affirmed.

*Practice, Supreme Court and C. P.—Petition to declare seats of school directors vacant—Variance—Appeals—Certiorari—Abuse of discretion.*

4. The court had power to remove the directors although the petition only asked that their seats be declared vacant. The technical variance between the petition and act is immaterial.

5. No express right to appeal is given in this case, and the Supreme Court will consider the matter as before it upon certiorari only, and will review the record only so far as will be necessary to ascertain whether the lower court exceeded its jurisdiction or abused its legal discretion.

Argued April 30, 1917. Appeal, No. 78, Jan. T., 1917, by Henry Stout, Daniel A. Jones and James A. Cunningham, from decree of C. P. Carbon Co., Oct. T., 1916, No. 5, removing them from office as School Directors of the Borough of Summit Hill, in re Petition of Resident Taxpayers and Citizens to Declare the Seats of the Board of Directors of the School District of the Borough of Summit Hill Vacant and to Appoint Others to Their Places. Before BROWN, C. J., MESTREZAT, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Petition to declare seats of school directors vacant. Before BARBER, P. J.

The opinion of the Supreme Court states the facts.

The court removed the directors. The school directors appealed.

*Error assigned* was the decree of the court.

*Benjamin Branch,* of *Freyman, Thomas & Branch,* and *Arthur L. Shay,* with them *Charles A. Snyder* and *David Davis,* for appellant.

*Ellsworth E. Scott,* with him *Leighton C. Scott,* for appellees.

OPINION BY MR. JUSTICE FRAZER, June 30, 1917:

This appeal by defendants is from a decree of the Common Pleas removing them from the office of school directors of the Borough of Summit Hill, for having procured certain work to be done on a school building without calling for competitive bids, in violation of section 617 of the School Code of May 18, 1911, P. L. 309, which provides that "every contract in excess of three hundred dollars ($300), made by any school district in this Commonwealth, for the introduction of heating, ventilating, or lighting systems, or the construction, reconstruction, or repair of any school building, or work upon any school property, shall be awarded to the lowest and best bidder, after due public notice has been given, upon proper terms asking for competitive bids."

The proceeding was begun under Section 217 of the code by petition of resident taxpayers of the district setting forth that the affairs of the school district were conducted by the board through committees, among others a building committee consisting of three members which let a contract for labor and materials amounting to more than $300 in violation of section 617 of the code. Other stated violations of duty were charged in the petition; as the action of the court below however was based on the violation of section 617 alone, their consideration becomes unnecessary.

The work in question was chiefly in connection with certain alterations in the third floor of an old school building. This floor contained four rooms lighted by twelve dormer windows and was not equipped with a ventilating system nor provided with sufficient light to meet the requirements of the school code. As a result of these deficiencies a medical inspector notified the board that alterations must be made before using the rooms for school purposes. In conformity with instructions received at a meeting of the board, the building committee entered into a contract with a building contractor to install new dormer windows adjoining the old

ones, thus doubling the lighting space, for the sum of $290, which contract was approved by the board.   Upon commencing work under this contract, the frames of the old windows were discovered to be in such condition of decay as to render impossible the carrying out of the changes as originally planned; the contractor was, however, instructed to proceed with the work, without giving an estimate of the total cost, with the understanding that he would insert twelve double windows, and charge for the materials and labor.   Additional repairs and changes were ordered during the progress of the work, for which, including the extra windows, the sum paid aggregated several times the amount of the original contract.   The work was not done pursuant to one contract, but as a result of a series of instructions from members of the school board given from time to time.   It is not denied that the board failed to advertise for bids or invite competition, though the members knew the cost of the work must necessarily exceed $300, the defense principally relied upon being justification of their action because of insufficient time to advertise for bids and secure the completion of the desired changes before the opening of the next school term.   The court refused a request for a finding to this effect, also a request to find that no plan or conspiracy existed on the part of the members of the board, or some of them, to evade the provisions of the school code relating to advertising for bids before entering into contracts exceeding the sum of $300, and stated that, although there was no actual fraud or dishonesty, the rendering of several separate bills for the repairs, each for a less amount than $300, indicated at least an intention to evade the requirements of the act.

Under section 217 of the school code, the removal of directors for the causes alleged is a matter within the discretion of the court below.   No express right to appeal is given, and therefore this court will consider the matter as before it upon certiorari only and will review the record so far as may be necessary to ascertain wheth-

er the court below exceeded its jurisdiction or abused its legal discretion. The proceeding under the present code is analogous to a proceeding under the Act of June 6, 1893, P. L. 330, providing for the removal of school directors in certain cases: In re Slippery Rock Township School District, 222 Pa. 538; Ross's App., 179 Pa. 24. An examination of the testimony shows the conclusions reached by the court below are amply supported by the testimony, and, as the fact of violation of the sections of the code requiring advertisement was not disputed, it was for the court below to say whether or not the excuse offered by defendants was sufficient to relieve them from the penalty imposed by the act.

Appellant argues that, as the petition in the present proceeding asks that the seats of the school directors be declared vacant, the court was without power to remove respondents; consequently the petition should have been dismissed. It is true the petition asks that a rule be granted to show cause why the seats of the respondents "should not be declared vacant and other persons appointed in their stead" and section 217 of the code gives the court power "to remove said board" or any of its members, if in its opinion a duty imposed on them has been neglected, "and appoint......other qualified persons in their stead." The technical variance between the wording of the petition and the act is not such as requires a reversal. Section 217 is the only one in the code providing for the removal of school directors from office for neglect of duty. The petition specifically sets forth the sections of the act alleged to have been violated, and there can be no doubt that respondents were fully informed of the charge brought against them. A petition to declare an office vacant because of specified misconduct of the incumbent and to appoint another in his stead, cannot fail to inform all concerned that the purpose is to remove from office for the cause alleged.

Section 617, requiring that all contracts for work on school buildings or property in excess of $300 "shall

be awarded to the lowest and best bidder after due notice has been given, upon proper terms asking for competitive bids," is mandatory. The use of the word "shall" leaves no room for the exercise of either option or discretion on the part of the board, in so far as contracts exceeding the amount stated are concerned. Courts have uniformly held provisions in statutes requiring the obtaining of competitive bids for municipal or other public improvements of all kinds to be mandatory, calling for strict compliance on the part of municipal officers: Philadelphia Company v. Pittsburgh, 253 Pa. 147; Edmundson v. Pittsburgh School District, 248 Pa. 559. To hold such requirements directory merely would defeat the very object the legislature had in view in inserting them.

The decree of the court below is affirmed.