## Summit Hill School Directors Removal.

*School Law—Directors—Removal of directors—Fraud—Fraudulent award of contract—Actions—Parties—Individual directors—Act of May 18, 1911, P. L. 309—Discretion of court—Appeals.*

1. The power to remove school directors is a discretionary one in the court of common pleas, and, on appeal, the appellate court is limited to a consideration of whether such discretion was properly exercised and whether the court exceeded its jurisdiction.

2. An order removing school directors for misconduct in awarding a contract for the constructions of a school building will be sustained, where it appears that the specifications called for a penalty for delay beyond the time fixed for the completion of the building, and for a surety company's bond, but that the school directors awarded the contract to a person not the lowest bidder, with the omission of the penalty clause for delay and with a provision for a personal instead of a corporate bond.

3. While school directors, under section 617 of the School Code of May 18, 1911, P. L. 309, are not without exception required to award the contract to the person whose bid is the lowest, yet if such bidder is a responsible one, the directors may not capriciously, and without sufficient reason, refuse to award the contract to him.

4. There is an abuse of discretion where the directors make no examination as to the qualifications of the bidders, but award the contract to a particular bidder, not the lowest, in pursuance of a predetermined plan to do so, regardless of other bidders, and follow the award by resolutions relieving the favored contractor from fulfilling important stipulations set forth in the specifications.

5. A proceeding to remove school directors is not invalid because it is brought against individual directors, and not against the board.

Argued February 7, 1927. Before FRAZER, WALLING, KEPHART and SCHAFFER, JJ.

Appeal, No. 58, Jan. T., 1927, by William L. Davis, Thomas Malkin and Evor P. Hughes, from order of C. P.

Carbon Co., Oct. T., 1925, No. 36, removing school direc-
tors, in case of petition of resident taxpayers of Summit
Hill Borough School District for removal of school
directors. Affirmed.

Petition of taxpayers for removal of school directors.
Before BARBER, P. J.

The opinion of the Supreme Court states the facts.

Order of removal entered. Respondents appealed.

*Error assigned* was order, quoting it.

*John O. Ulrich,* with him *Frank X. York,* for appel-
lants.—This is a petition of ten or more resident tax-
payers of the School District of the Borough of Summit
Hill to remove six members of the said school board
which consists of seven members; it is filed under sec-
tion 217 of the Act of 1911 known as the School Code;
there is no other act providing for such procedure; it is
a proceeding established by an Act of Assembly and all
those who desire to follow it must comply with every
requisite to give the court jurisdiction.

The statutory remedy is exclusive and must be strictly
pursued: West Pittston Boro. v. Dymond, 8 Kulp 12;
Danner v. York, 12 York 9; Gumper v. Co. Coms., 10
Kulp 341.

The court has no jurisdiction to entertain this peti-
tion: Morrisville School Directors, 3 Phila. 181; Scran-
ton City School Directors, 6 Pa. D. & C. 105; Summit
Hill School Directors, 258 Pa. 575; Pittston School Di-
rectors, 6 Pa. D. & C. 545.

*George M. Roads,* with him *Freyman, Thomas &
Branch,* for appellees, cited: Summit Hill School Direc-
tors, 258 Pa. 575; Com. v. Jones, 283 Pa. 582; Hibbs v.
Arensberg, 276 Pa. 24.

OPINION BY MR. JUSTICE FRAZER, March 14, 1927:

Three directors of the School District of Summit Hill Borough, Carbon County, have appealed from a decree of the court of common pleas in proceedings under section 217 of the School Code of 1911, P. L. 309, removing them from office and appointing others to fill their unexpired terms. The act referred to provides that if the court shall be of opinion that the directors have failed or neglected to perform any required duty it "shall have the power to remove said board or such of its members as in its opinion is proper, and appoint for the unexpired terms other qualified persons in their stead subject to the provisions of this act." The power is thus a discretionary one in the court below, and on appeal our right to review is limited to a consideration of whether such discretion was properly exercised, and whether the court exceeded its jurisdiction: Summit Hill School Directors, 258 Pa. 575, 578.

These proceedings were the result of the circumstances which preceded and followed the advertisement and award of a contract for the construction of a new school building in the School District of Summit Hill Borough. The contract, awarded to Andrew Breslin, was subsequently declared void by the court below and this conclusion was sustained by us (Lehigh Coal and Navigation Co. v. Summit Hill Boro. School District [the preceding case]) in an opinion filed herewith, in which all material facts forming the basis of the present decision are fully stated and need not be repeated.

The decision of the court below in removing the three appellants from office was not based on the alleged attempt to corruptly induce a business competitor to refrain from bidding on the proposed work, but on the fact that the contract was awarded to Breslin, who was not the lowest bidder, without excuse or reason appearing for such action, and the further admitted facts that, after the contract had been awarded, the contractor was released from the requirement of the specifications pro-

viding a penalty of $50 a day for delay beyond the time fixed for completing the school building, and also his exemption from a provision requiring a surety company's bond conditioned for faithful compliance in carrying out the terms of the agreement. The action of the directors in these respects is undisputed and appears as a matter of record in their minutes, consequently what we said, in the opinion of the case above referred to and filed herewith, concerning the making of material changes after the contract had been awarded, applies with equal force here.

Although the requirement of section 617 of the code, that all contracts in excess of $300 shall be awarded to the lowest and best bidder is mandatory (Summit Hill School Directors, 258 Pa. 575, 579; Com. v. Jones, 283 Pa. 582, 587, and cases cited), the directors are not without exception required to award the contract to the person whose bid is the lowest, yet if such bidder is a responsible one, the directors may not capriciously and without sufficient reason refuse to award the contract to him. "What the law requires is the exercise of a sound discretion by the directors; they shall call to their assistance the means of information at hand to form an intelligent judgment. They should investigate the bidders to learn their financial standing, reputation, experience, resources, facilities, judgment and efficiency as builders": Hibbs v. Arensberg, 276 Pa. 24, 29. Not only was this not done here, but there is every indication that a majority of the directors, including appellants, awarded the contract pursuant to a predetermined plan to do so regardless of other bidders, and followed the award by resolutions relieving the favored contractor from fulfilling important stipulations set forth in the specifications.

Appellants argue, however, that the appeal should be quashed because the proceeding was not against the board of directors, as such, but against individual members. Section 217 of the act is sufficiently comprehensive to permit proceedings against either the entire

board or individual members. Nothing would be gained by making the entire board a party to proceedings of this character, where the alleged breach of duty was on the part of only one or more of its members and not the entire board. The section in question refers to the breach of duty on the part of "school directors" and the granting of a rule on "said school directors" to show cause why they should not be removed from office, and permitting an answer to be filed "individually or jointly," and authorizes the court "to remove said board or such of its members as in its opinion is proper." That is, the court removes those who have violated their duty and if such violation of duty is by one or any number less than all no reason or necessity appears for joining all in the proceeding. If, for instance, a single member of the board should be accused of accepting a bribe, no necessity would exist under the act for joining the remaining members of the board in a proceeding to remove him alone from office.

We find no error in the proceedings nor any abuse of discretion on the part of the court below.

The decree is affirmed at appellants' costs.