## Breslin, Appellant, *v.* Summit Hill Borough School District.

Argued April 16, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Everett Kent,* with him *Frank X. York,* for appellant. —Our case is governed by Cascade District v. Lewis District, 43 Pa. 318, wherein it was said: "Regular official action, evidenced by official minutes, is what the statute

requires to ground such an action as the present, and, because it is a statutory requisition, all equities and implied liabilities are excluded." See also Relly v. Easton, 21 Northampton Co. R. 307, 12 Pa. D. & C. 17.

It is not necessary that the minutes of council shall disclose the reasons which influenced council in rejecting the lowest bid: Kolb v. Boro., 218 Pa. 126; Bohan v. Boro., 154 Pa. 404.

*Leighton C. Scott* and *Geo. M. Roads,* with them *Eugene Eddlestein,* for appellee.—All assignments, relating to the admission or rejection of evidence, can be disposed of under two well-known principles of law, the first being, that the order of relevant testimony is within the sound discretion of the court and can be impeached only where harm results to a litigant's rights: Wallace v. Dorris, 218 Pa. 534, 639; Shannopin Coal Co. v. Greene Co., 280 Pa. 4, 7, and authorities there cited: Ebensburg Trust Co. v. Pike, 296 Pa. 462; Shade v. Llewellyn, 250 Pa. 456.

And on the further ground that, assuming, but not admitting, that the court committed error in directing that the whole minute should be read in evidence by appellant, yet such a ruling, at most, is harmless error in this case, because it turned out not to be a jury case, and therefore could not become harmful to appellant's interests: Glenn v. Traction Co., 206 Pa. 135.

OPINION BY MR. JUSTICE SCHAFFER, May 12, 1930:

Breslin brought this action against the School District of the Borough of Summit Hill to recover damages, which he sets at $51,000, for breach of a contract for the construction of a school building which he claims was entered into by the school district with him. He did not erect the building. At the close of plaintiff's case, the trial judge entered a compulsory nonsuit on the ground that no contract had been established; plaintiff appeals from the refusal to take it off.

There are fifty-five assignments of error. We have considered all of them and none has any merit. It is not a wise thing to clutter up a brief with useless assignments. The only one which should have been submitted is that covering the court's ruling that no contract existed. If the court was wrong about this, the case necessarily would go back for another trial. All the other assignments would become inconsequential if this one were sustained. As it cannot be, they become equally inconsequential. There being no contract, the foundation drops from under the plaintiff's case and it has nothing to rest upon.

For a full comprehension of the situation which exists relative to the alleged contract, it is necessary to give to the pending case the background of two prior proceedings in the court below which we have reviewed on appeal. In Lehigh Coal & Navigation Co. v. Summit Hill School Dist., 289 Pa. 75, we held that the contract awarded to the present plaintiff on August 5, 1925, and which was executed on August 20, 1925, for the building of the schoolhouse for the sum of $129,792, was void as fraudulent, and in Summit Hill School· Directors' Removal, 289 Pa. 82, we sustained the action of the court below in removing three of the school directors for misconduct in awarding it.

On September 16, 1925, at a meeting of the school board, a resolution was offered to reconsider the action of the board in entering into the contract of August 20th in order to enter into a new contract with Breslin, but this resolution was voted down. At this meeting, however, the board accepted bonds tendered by him with the Globe Indemnity Company as surety, which, of course, were bonds covering the contract of August 20th, as it was the only one then in existence. On September 21, 1925, the board directed its solicitor to draft a new contract. This was done and the new contract presented to the board by the solicitor on September 24, 1925. He advised the board not to execute it. Notwithstanding

this advice, on October 13, 1925, the board passed a resolution to enter into a new contract with Breslin for the erection of the building and directed the president and secretary to sign it. The president complied with this direction, but the secretary refused to sign and did not do so until April 5, 1927. This contract is dated September 23, 1925, prior to the action of the board, and is the contract before us. It was not based upon any readvertising or rebidding, but on the action of the board in awarding the contract to appellant on August 5, 1925. This purported contract contains a clause which made it a condition precedent to its being in force and effect that two bonds with corporate surety satisfactory to the school district should be furnished by the contractor. Such bonds were never furnished for the contract now in controversy until after the action of the school board on the contract had been rescinded. On August 13, 1926, the board, at this time including three new members appointed by the court in place of the ones removed from office, rescinded all actions relative to the award of the contract to appellant and proceeded to readvertise for proposals for new bids. In April, 1927, appellant delivered to the secretary of the board two bonds, which under the advice of its solicitor were returned to appellant, and he was advised that the school district had no contract with him. It is manifest that the bonds presented by appellant to the school district on September 16, 1925, were bonds covering the fraudulent contract of August 20, 1925, and could have no relation to the alleged contract of September 23, 1925. At the time the motion was made to accept these bonds, September 16, 1925, the alleged contract of September 23, 1925, had not come into existence and no resolution of the board had been passed directing its execution, in fact such a resolution was not passed until October 13, 1925. While the court below entered the nonsuit on the specific ground that the requirement of the contract as to furnishing bonds had not been com-

plied with and this was sufficient to warrant the court's action, in our opinion a deeper reason exists why no valid contract had been entered into. The original fraudulent conduct in connection with the attempted award of the contract to appellant under the resolution of August 5, 1925, ran through and permeated all that was subsequently done.

The judgment is affirmed.