## Davis's Appeal.

Argued January 22, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Evan C. Jones,* with him *James M. Stack* and *John C. Phillips,* for appellant.

*John J. Hibbard,* for appellees.

OPINION BY MR. JUSTICE SIMPSON, April 9, 1934:

Six of the school directors of the Township of Wilkes-Barre in Luzerne County, were duly charged, in a petition and three amendments thereto, seeking to have them removed from office, with having "neglected and refused to perform with fidelity the duties imposed upon them by section 217 of the School Code [of May 18, 1911, P. L. 309] and the oath of office respectively taken by them before they entered upon the duties of their respective offices." By a fourth amendment to the same petition, two of the six directors were further charged, in "violation of their oath of office and in violation of section 225, article II, of the School Code, with reference to the receiving of bribes by school directors," with having ac-

cepted "the sum of $400 for their votes and influence in securing [for the payor of the money] the appointment of physical director and athletic coach in the Wilkes-Barre Township High School. It is not alleged therein that the other four directors were connected in any way with this latter charge, nor that the two, because of this malfeasance, could be removed by virtue of any other section of the code.

The judge of the court below, who heard the testimony, and two of his colleagues, together making a quorum of the court, agreed that the last-mentioned charge was duly and satisfactorily proved, and hence formally removed the two recalcitrant directors from office, but discharged the petition and all its amendments as respects the other four respondents. One of those thus removed has taken the present appeal. We see no reason to disagree with the majority of the court below in its foregoing finding of fact against appellant; but whether or not he could be legally removed from office because of that finding, is the first important question raised on this appeal.

Section 225 of the code (P. L. 1911, page 323) which in respect to the matters now being considered is exactly the same as the general provision in article VI, section 4, of the state Constitution, provides that "Any school director in this Commonwealth who shall, directly or indirectly, accept or receive any money or other valuable thing for voting for or against, or for withholding his vote for or against, any appointment or matter or action that shall come before the board or any committee thereof, or before any convention of school directors, of which he is a member, shall be guilty of a misdemeanor, and on conviction thereof shall forfeit his office, and shall not be eligible again to hold an office of any kind provided for in this act, and shall be liable to pay a fine of not less than $5 or more than $500, or be sentenced to the county jail for a term of not less than

thirty days or more than one year, either or both, as the court may determine."

It will be noticed that the charge against the present appellant, upon which alone his removal is predicated, is exactly that specified in the section quoted, and is therein designated a misdemeanor. Yet he has not even been indicted, let alone tried and convicted. Admittedly, therefore, he cannot be removed on the authority of this section of the act; and at this point arises the vital difference between the majority and the minority in the court below. The former, while admitting that, for the reason stated, no removal can be made because of the breach of duty therein specified, assert nevertheless that, in other sections now to be referred to, ample authority can be found for the removal of appellant because of his guilt of this crime.

Admittedly, also, section 217 of the act (P. L. 1911, page 321) is the only other one stating what shall be sufficient grounds for summarily removing school directors from office at the instance of petitioning resident taxpayers. It provides that "If the board of school directors in any district in this Commonwealth shall fail to organize as hereafter provided, or refuse or neglect to perform any duty imposed upon it by the provisions of this act, any ten resident taxpayers in said district may present their petition in writing, verified by the oath or affirmation of at least three of them, to the court of common pleas of the county in which such district, or the largest part in area of it, is located, setting forth the facts of such refusal or neglect of duty on the part of such school directors; whereupon the said court shall grant a rule upon said school directors, the same to be made returnable in not less than ten or more than twenty days from the date of issue thereof, to show cause why they should not be removed from office; of which rule the said school directors shall have at least five days' notice. On or before the return day of such rule the said school directors, individually or jointly,

shall file in writing their answer or answers to said petition, under oath; and if the facts set forth in said petition presented by said taxpayers, or any material part thereof, be denied, the court shall then hear the several parties on such matters as are contained in said petition; and if on such hearing, or if when no answer is filed denying the facts set forth in said petition, the court shall be of the opinion that any duty imposed on said board of school directors, which is by the provisions of this act made mandatory upon them to perform, has not been done or has been neglected by them, the said court shall have the power to remove said board, or such of its number as in its opinion is proper, and appoint for the unexpired terms other qualified persons in their stead, subject to the provisions of this act."

In considering this section, and the similar one in section 9 of the prior School Code of May 8, 1854, P. L. 617, 619, we held in Summit Hill School Directors, 258 Pa. 575, that since no appeal is specifically allowed to the action of the court below, we will consider the matter as before [us] upon certiorari only, and will review the record only so far as will be necessary to ascertain whether the lower court exceeded its jurisdiction or abused its legal discretion. The same conclusion is reached in Summit Hill School Director's Removal, 289 Pa. 82, and it is further stated therein that "A proceeding to remove school directors [under the present School Code] is not invalid because it is brought against individual directors, and not against the board."

We are not prepared to say that if the court below had jurisdiction to remove appellant from office because of his having accepted a bribe, though he had not been indicted, tried or convicted of that misdemeanor as provided by section 225 above quoted, that it would have abused its discretion in ordering his removal. It is clear, however, that if the reasoning of that court is correct in holding that the statute provided for removal, under proper conditions, by the specific provision of section

225, and also generally, but not specifically, under section 217 and the oath of office provided for in section 224, then the order below was improper under a long line of cases which holds that where there is in the same statute specific provisions relating to a particular subject they must govern, although there are also general provisions in other parts of the statute, which, if they stood alone, would be broad enough to include that subject: Thomas v. Hinkle, 126 Pa. 478, 483, citing Endlich on Statutes, section 216, and also a number of previous cases: Buckley v. Holmes, 259 Pa. 176, 188; Com. v. Lehigh & N. E. R. R. Co., 268 Pa. 271, 274; Kolb v. Reformed Episcopal Church of the Reconciliation, 18 Pa. Superior Ct. 477, 481; Com. v. Brann, 81 Pa. Superior Ct. 38, 41. Under this rule, appellant could be properly removed because of committing the misdemeanor with which he was charged, only on conviction thereof and sentence therefor. We cannot lose sight of the fact that there is and long has been a strong feeling among the people of this Commonwealth, evidenced by article VI, section 4, of the state Constitution, as well as by numerous statutes, that one accused of crime, shall not be punished in any way therefor unless he shall have been first convicted thereof by a "jury of his peers."

The order of the court below is reversed, and the petition to dismiss appellant from his office as a school director is dismissed, but without costs to either party.

CONCURRING OPINION BY MR. JUSTICE MAXEY:

I concur in the judgment in this case but I would place the decision on the ground that nowhere is it provided in the School Code that a violation of the oath of office prescribed in section 224 of the code is a breach of a mandatory duty which under section 217 warrants a school director's removal by the court of common pleas. My view is that the only "mandatory duty" imposed by section 224 of the code on the school directors is to take the constitutional oath of office. Among the things

which a director swears to do is to support, obey and uphold the Constitutions of Pennsylvania and of the United States. If, as appellees claim, any failure to obey the prescriptions of this oath constitutes such a breach of duty as under section 217 authorizes a court of common pleas to remove the undutiful director, and if this appellant, instead of taking a bribe as alleged, had made "home-brew" or transported a bottle of intoxicating liquor, he would have been subject to removal by the court of common pleas as a violator of his official oath, for at that time the 18th Amendment was part of the Constitution he had sworn to obey. Surely the court of common pleas would not have assumed to have adjudged this school director guilty of violating the 18th Amendment, had that been the charge made against him. Yet that would have been as much a violation of his oath of office as the violation of which the court of common pleas adjudged him guilty and for which it ordered his removal.

The School Code wisely contains a *specific* provision (section 225) for the forfeiture of a school director's office, for his fine and imprisonment, and for stamping him with ineligibility to hold an office of any kind provided for in the code, after he has been duly convicted of taking a bribe. But I do not subscribe to the view that if there was no such specific provision in the code, the other parts of the code (i. e., sections 217 and 224) would clothe the court of common pleas with power to remove a director, upon a petition being filed and proof being made that he was a bribe-taker. Crimes are cognizable only by the tribunals organized for their trial and punishment. The court of common pleas is not such a tribunal.

In this case only one judge of the court below heard the testimony and saw the witnesses. The only proof against the appellant was the evidence of two men who under their own testimony were as criminally smeared

as were the men they accused. On this evidence from prima facie discredited sources, two of the judges of the court below who neither saw nor heard the witnesses, voted with the trial judge to find the appellant guilty of accepting a bribe. Two judges dissented. Judge JONES in his dissenting opinion correctly characterizes the accusing witnesses as "accomplices." Of the four individuals involved, he says, "Two affirm the charge of bribery and two deny it." One of the witnesses who appeared against the appellant was asked this question: "You paid for your job and the reason you are here to-day testifying is because you were not reappointed in September, 1933, now is that true? A. Yes. Q. So that you have a grievance against this board, have you, particularly against Mr. Davis, Mr. Kinsel and Mr. Quinn, haven't you? A. Yes." As to the other witness Judge JONES says: "The conduct of the other witness is known to this court as one who took an active part in the scandal of the stolen bonds of the Garfield National Bank of New York City, the First National Bank of Columbus, Wisconsin and Portland bonds, and distributed freely throughout this county as collateral for loans in our local banks. He was convicted and sentenced by us, the jury properly discrediting him as a witness. So, that in addition to their 'position of disrepute'......we have the additional fact of one breathing revenge and disclosing a spirit of vindictiveness against the respondents, and the other convicted of receiving stolen goods. In my opinion, however, we are not called upon at this time to pass upon the credibility of these two witnesses."

Any official who directly or indirectly accepts a bribe is unworthy of public trust and should be removed from public office, but no person should be stigmatized and driven out of office as a "bribe-taker" unless his guilt has been established in the manner immemorially prescribed by "the law of the land." I, therefore, do not express agreement or disagreement with the majority of the court below in their finding of fact on the grave charge

made against the appellant; that fact as a basis for his removal from the school board must be proved by a conviction.