## Duryea Borough School Directors' Removal.

Argued April 13, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*R. Lawrence Coughlin,* with him *E. Walter Samuel,* for appellants.

*Ben R. Jones, Jr.,* with him *Hopkin T. Rowlands,* for appellees.

PER CURIAM, May 25, 1936:

Two of the school directors of the Borough of Duryea, Luzerne County, removed under section 217 of the Act of May 18, 1911, P. L. 309, have appealed from the order. The act referred to provides that if the court shall be of the opinion that directors have failed or neglected to perform any required duty it "shall have the power to remove said board or such of its members as in its opinion it is proper." The court below found the directors had violated section 1207 of the School Code in permitting a granddaughter of a director to teach without receiving the affirmative vote of three-fourths of the members of the board, and had violated section 1208 of the Code, providing that before any teacher may be dismissed, a reasonable opportunity, after notice in writing, shall be given him or her to be heard.

These findings of the trial judge were approved by the court en banc and an order of ouster was entered Oc-

tober 9, 1935. The question presented is whether the court below exceeded its jurisdiction or abused its legal discretion in ordering an ouster of these school directors.

No express right of appeal is given to school directors ousted under the School Code. This court therefore will consider the matter as upon certiorari only and will review the record so far as may be necessary to ascertain whether the court below exceeded its jurisdiction or abused its legal discretion: *Summit Hill School Directors*, 258 Pa. 575, 578; see also *Meiss's App.*, 317 Pa. 28, 29; *Davis's App.*, 314 Pa. 357, 361; *Summit Hill School Directors Removal*, 289 Pa. 82, 84; *In re Slippery Rock Twp. School Dist.*, 222 Pa. 538, 540. Whether we might, had we been the trial court, have reached a different conclusion upon the facts or drawn other inferences therefrom is immaterial. We do not in these cases impose our independent judgment on the evidence. That is exclusively for the court below.

Appellants' whole argument to show that the court overstepped the legal bounds in ordering the ouster seems to rest on the theory that the violations of the provisions of the statute above enumerated were the result of mistaken judgment on the part of the directors and not of conscious intent to violate the provisions. Our examination of the record discloses no abuse of discretion but, on the contrary, a wise exercise of it.

The order is affirmed at appellants' cost.