## Ziegler's Appeal.

Argued September 27, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*Everett Kent,* with him *J. Julius Levy,* for appellant.

*Russell C. Mauch,* with him *Milton J. Goodman* and *Lewis R. Long,* for appellee.

OPINION BY MR. JUSTICE DREW, November 12, 1937:

This proceeding originated in a petition filed on December 30, 1935, in the court below by certain resident taxpayers of the City of Bethlehem for a rule upon appellant to show cause why he should not be removed from the office of school director of that city. A rule was granted, an answer filed, and hearings held on the charges contained in the petition. On June 7, 1937, the rule was made absolute and an order entered removing appellant from his office and appointing his successor. This appeal followed.

The charges against appellant were few and trifling. The record shows he is a doctor of dental surgery, and during September and October of 1931, before his election as school director on November 3, 1931, and before he assumed office on December 7, 1931, he did dental work for two local high school boys at the order of the athletic director. The work was required by reason of injuries sustained in football contests. For these services he was paid $101 in December, 1931, after becoming a director, upon requisition by the proper officials, but before the board formally authorized payment; the authorization was given in January, 1932, appellant participating. This delayed authorization by the board and appellant's share in it are the only possible irregularities in the payment; but it was testified without dispute that the frequent practice of the board was to authorize the payment of bills *en bloc,* authorization affecting many of them retroactively. It was not claimed that appellant's participation had any decisive effect on the authorization in question. Of this transaction the lower court said: "If this constituted the only charge against respondent we would be inclined to overlook it. . . ."

The other charges were even more trivial. It was claimed appellant had work done in the trade department of the high school. It appeared that twice students made minor adjustments and did some wiring on his automobile, that once they repaired a golf club, and once tested a coil in the department's voltmeter. Whether the work on the car was actually paid for was in dispute; not disputed however, are the records of the trade department on which appellant was duly charged five and seven dollars respectively for this service, and which negatived any inference that the work was to be gratuitous. The repair of the golf club and the testing of the coil were so insignificant that they were evidently forgotten until this case was conceived. At the time the service was rendered there was no thought of charging

for it. However, testimony is undisputed that appellant asked for his bills.

Plainly these facts cannot sustain appellant's removal under section 217 of the School Code of May 18, 1911, P. L. 309. Removal by the procedure of that section, it is true, is a matter within the sound discretion of the common pleas: *Duryea Borough School Directors' Removal,* 322 Pa. 153; *Meiss's Appeal,* 317 Pa. 28; *Summit Hill School Directors Removal,* 289 Pa. 82; *Summit Hill School Directors,* 258 Pa. 575. But that court is restricted to the Code; it must find some violation of the mandatory sections which prescribe the functions and duties of school directors: *Davis's Appeal,* 314 Pa. 357; *White v. Moore,* 288 Pa. 411. Section 217 outlines the procedure to be followed; it does not give the court latitude to enforce its own prescription for the conduct of directors: *Davis's Appeal,* supra.

Here resort is taken to sections 224 and 226. The former, inter alia, requires directors to serve without compensation; the latter prohibits the employment of a director by the district in any capacity during his term, or the receipt of payment for such prohibited employment. The argument is that the work done by the trade school was an indirect payment to appellant in violation of section 224. As already indicated the work done on his automobile was not gratuitous, and if in fact it has not been paid for he remains liable for the amount due. The other two items are *de minimis* and need no discussion. Furthermore, section 226 clearly does not forbid paying a director for services rendered before his election. An outstanding claim against the school board does not disqualify the claimant from seeking membership upon it, nor is the price of his election the loss of the claim.

Order reversed and petition dismissed; costs to be paid by the appellees.