## Noon v. Haverford School District

*William R. Toal*, for plaintiff.
*Albert J. Williams*, for defendant.

MacDade, P. J., October 11, 1944.—Where a school director resigned during the term for which he was elected, and the court appointed him controller of the township in which the school district is located, and as such he became ex-officio auditor of the finances of the school district, and, in consequence, he audited, within the term for which he was elected, the finances of the school district for the fiscal year following that in which he resigned, and he presented to the school district, within the term for which he was elected, a bill for his services, is the school district justified in refusing to pay him, in view of section 226 of the School Code of May 18, 1911, P. L. 309?

The School Code provides that the finances of every school district of the third class shall be audited by the controller or auditors of the city, borough, or township in which the school district is located: 24 PS §2201, and 24 PS §2203.

It also provides that, where the finances of school districts of the third class are audited by the controller of the municipal division in which a school district is located, the compensation of the controller shall be fixed by the directors of the school district and be paid by the school district: Act of May 21, 1943, P. L. 351.

On June 29, 1944, the directors of defendant school district fixed defendant's compensation at $1,025.

Further, the School Code provides that in every school district the proper auditors shall begin their duties on the first Monday of July each year and promptly, within 30 days, audit the accounts of that district: Act of May 29, 1931, P. L. 243, as amended by the Act of April 13, 1943, P. L. 39.

The sole question here is whether the above-quoted provision of the School Code prevents defendant from paying plaintiff; that is, "No school director shall, during the term for which he was elected or appointed, be

employed in any capacity by the school district in which he is elected or appointed, or receive from such school district any pay for services rendered to the district except as provided in this act. . . ." : Act of May 26, 1933, P. L. 1070, sec. 226.

There is no question but that the services were rendered and plaintiff should be compensated. The directors of defendant feel very strongly that the bill should be paid, but hesitate to pay it solely because the services were rendered during the term for which plaintiff was elected, and that term has not expired; and, therefore, plaintiff would appear to come within the express wording of the above-quoted provision of the School Code. They, therefore, want a ruling of the court on the question.

Does the provision mean that no director shall, during the term for which he was elected, receive from the school district any pay for services rendered the district as the result of employment by the district? That would clearly have been the meaning if, following the words "for services rendered to the district", there had been inserted "pursuant to such employment" or words to that effect. In the absence of any such provision defendant's directors hesitate to assume that the provision is to be limited to payment for services rendered pursuant to an employment by the district. And yet they are inclined to the view that that is the true meaning and spirit of the provision. If that is not so and the provision is to be read literally, it would seemingly prohibit a district from paying a director, during the term for which he was elected, for services he rendered to the district before his election. That question was raised in Ziegler's Appeal, 328 Pa. 280, but the Supreme Court dismissed it summarily without discussion. Except for that case we have found no decision throwing any light on the question involved here.

We think the construction of the provisions of the act of assembly, with its amendments and supplements, would be strained if the court should find that the two

portions of the sections should not be read together. If they are read together, then the prohibition against receiving pay for services must be considered in connection with an employment by the school district. As the employment came by operation of law, it cannot be said that it was an employment by the school district itself, as nothing was done by the board of school directors to give plaintiff the right or authority to make the audit. If it had been necessary for the board of school directors to appoint plaintiff auditor, then the prohibition against receiving pay for services rendered by him during the term for which he was elected as a school director would definitely apply.

The law having given plaintiff the authority to make the audit and having given the school directors the authority to fix his compensation and authority to the school district to pay such compensation, it should not, therefore, be said that he has no right to receive the pay for services rendered merely because of the fact that he happened to be an elected school director and that his term of office had not yet ended.

The provisions of the section of the School Code prohibiting a school director to receive pay for services rendered to his school district where he is employed by the school district is certainly a worthwhile and healthy provision as it would prevent collusion and possible fraud by and among members of school boards especially tending toward favoritism. However, where the school board does not create the employment, there is no reason why this section of the School Code should apply.

To summarize, the pertinent portion of the School Code upon which the school district relies, section 226 of the Act of May 18, 1911, P. L. 309, 24 PS §187, reads as follows:

"No school director shall, during the term for which he was elected or appointed, be employed in any capacity by the school district in which he is elected or appointed, *or receive from such school district any pay for services*

*rendered to the district except as provided in this act.*" (Italics supplied.)

It, therefore, becomes a question of interpretation and construction of an act of assembly in order to determine whether or not the prohibition set up in said act applies to plaintiff in this case. Plaintiff, a resident of the Township of Haverford, was legally appointed by this court during his term of office as school director, although he had resigned therefrom, controller of the Township of Haverford and he duly qualified as such controller. It is further submitted that as controller, and under the provisions of the School Code, he automatically became the auditor of school finances and that his authority to audit said school finances stemmed not from an appointment or employment by the school district but came by operation of law as a result of plaintiff's legal appointment as controller by this court.

The section under which the law makes this provision is section 2603 of the School Code of 1911, as last amended by the Act of May 21, 1943, P. L. 320, 24 PS §2203, which provides as follows:

"In all school districts of the second and third class, by the controller or auditors of the city, borough, incorporated town, or township in which the whole or greater or greatest portion of the area of each such district shall be located. . . ."

This provision, of course, refers to the auditing of the finances of the school district, which is provided for under the School Code by section 2601 of the Act of 1911, P. L. 309, 24 PS §2201, which reads as follows:

"The finances of every school district in this Commonwealth, . . . shall be properly audited as follows: . . ."

We call attention further to the provision of the School Code which provides that in school districts of the second and third classes where the accounts are audited by the controller of the municipality in which the school district is located the compensation of

the controller shall be fixed by the directors of such district and paid by said district. This part of the School Code reads as follows:

"In school districts of the second and third class, where the accounts are audited by the controller of the municipality in which the whole or the greater or greatest portion of the area of each such district shall be located, the compensation of the controller shall be fixed by the directors of such district and paid by said district": Act of May 21, 1943, P. L. 351, 24 PS §2341.

It is seen, therefore, that by operation of law a controller of a first class township automatically becomes the auditor of the school district located therein and that, as such, he has the legal right to audit the school district's finances; and, further, that the school directors have the legal right to fix the compensation of the controller; and that, still further, the school district has the legal right to pay the controller for his services rendered as auditor of the school finances.

The school district, in raising the question as to the right of plaintiff to receive from the said school district pay for services rendered to the district, ignores the fact that the section of the act upon which it relies provides as follows:

"No school director shall, during the term for which he was elected or appointed, be employed in any capacity by the school district in which he is elected or appointed . . ."

The provisions of the section just quoted must be read in conjunction with and together with the prohibition as to the receiving from the school district of pay for services rendered by a school director during the term for which he was elected or appointed. If this is done, it is clear that in order to prevent a former school director from receiving pay for services rendered to his school district during the term for which he was elected or appointed he must have rendered those services as a result of employment given him directly by the school district itself and not as a result of rendering the services because the law provided that he should do so. This

section undoubtedly was written to prevent collusive action between and among school directors where one or more of them could resign after having been elected for a six-year term; and could then receive a lucrative appointment from the remaining number of school directors and serve as a well-paid school employe as a direct result of the appointment by the board of directors. The section of the act definitely prohibits such an appointment or employment of a former school director by the school district during the term for which he was elected or appointed school director and, if he is appointed or employed by the school district, the section of the act makes it illegal for him to receive from the school district any pay for services rendered to the district. The act of assembly is aimed at possible or probable fraud and not at the situation arising in the case at bar. No one can say that the appointment of plaintiff as controller of the Township of Haverford was illegal, nor that the provisions of the School Code which automatically make such controller the auditor of school finances were illegal, or that it was illegal for the board of school directors to fix the compensation of the controller as such auditor; nor that it is illegal to pay the controller fair and reasonable compensation for services rendered to the school district. The only thing that is raised as illegal in the case at bar is that the controller, because he was a former school director, should not receive any pay for services rendered to the school district by him as controller-auditor during the term for which he was elected. As pointed out previously, the construction of the act of assembly would indeed be strained if the court should find that the two portions of the sections in question should not be read together.

We read these sections together, then, that the prohibition against receiving pay for services must be considered in connection with an employment by the school district. As the employment came by operation of law, it cannot be said that it was employment by the school district.