## Group Accident and Health Insurance

UMSTED, Deputy Attorney General, August 11, 1947.—You have inquired whether members of the Philadelphia Real Estate Board and whether members of the Pennsylvania Institute of Certified Public Accountants are eligible for group accident and health insurance policies under the provisions of section 621.1($a$) of The Insurance Company Law of May 17, 1921, P. L. 682, as last amended by the Act of April 6, 1945, P. L. 148, 40 PS §756.1.

This pertinent section reads as follows:

"($a$) Group Accident and Health Insurance is hereby declared to be that form of accident and health

insurance covering not less than twenty-five employes or members, and, in addition, may include the employes' or members' dependents, written under a master policy issued to a summer camp, scout troop, college, school system, school or other institution of learning, or to the head or principal thereof, who, or which shall be deemed the policyholder, or to any governmental corporation, unit, agency or department thereof, or to any corporation, copartnership, individual employer, or to any association, or organization of employes of one employer, its affiliates or subsidiaries, *or to the members of any labor union, bar association, medical, dental or other professional society, volunteer fire department,* or to any organization or association of Federal or State employes, or school teachers, or school employes or nurses, where officers, members, employes, or classes or departments thereof, may be insured for their individual benefit." (Italics supplied.)

We have emphasized the portion of section 621.1 ($a$), which was added by the amendment of April 6, 1945, P. L. 148. The construction of this will furnish an answer to your query. For it is only under the phraseology "other professional society", following as it does "bar association, medical, dental", that members of a real estate board, or members of a society of certified public accountants, could be included in those for whom group accident and health policies are authorized.

As to the meaning of "other professional society", we are confined under the rule of ejusdem generis to a construction which will limit it to the general types of societies indicated by the words immediately preceding it. And the word professional as there used, must be defined in the light of the class of professionals indicated by the legislative reference to lawyers, doctors and dentists.

Under common law where there is in the same statute specific provisions relating to a particular subject,

they must govern, although there are also general provisions in other parts of the statute, which, if they stood alone, would be broad enough to include that subject: Endlich on the Interpretation of Statutes, sec. 216; Davis' Appeal, 314 Pa. 357, 362 (1934); and Vale Pennsylvania Digest—Statutes—Key 194.

It is provided in section 33 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §533, as follows: "General words shall be construed to take their meanings and be restricted by preceding particular words."

It is to be noted that the words "professional society" are preceded by the word "other". This adjective has attained a legal meaning which dovetails very nicely with the common law and statutory rules of construction. Black's Law Dictionary defines the word as follows: "OTHER. . . . Following an enumeration of particular classes 'other' must be read as 'other such like,' and includes only others of like kind and character. . . ."

Bar associations comprise a membership exclusively of lawyers. Doctors and dentists are members of healing professions. It, therefore, follows that "other professional society" must be construed to mean any other society of lawyers or of members of the healing profession. It would thus include a lawyers' guild or societies of osteopaths, chiropractors, chiropodists, etc., but would exclude members of real estate societies, or of certified public accountant societies.

We are of the opinion and you are, therefore, accordingly advised that under the provisions of section 621.1(a) of the Insurance Company Law of May 17, 1921, P. L. 682, as last amended by the Act of April 6, 1945, P. L. 148, 40 PS §756.1, neither members of the Philadelphia Real Estate Board nor of the Pennsylvania Institute of Certified Public Accountants are eligible for group accident and health insurance.